## LINDQUIST v. NORTHWESTERN PORT HURON CO.

Where both parties moved for a directed verdict, the defeated party could not urge that the evidence was conflicting and ought to have been submitted to the jury, for, by the motions, both parties tacitly admitted that the evidence was free from conflict, and waived their right to a jury trial, and consented to have both questions of law and fact determined by the court.

A general agent of a corporation engaged in selling threshing machines had authority to appoint sales agents, and to assist in making sales. He called on plaintiff to induce him to enter into an agency contract. Pursuant to an arrangement between plaintiff and the general agent, plaintiff's employe and the general agent obtained an order for a machine and returned to plaintiff, and then executed an agency contract. It was understood that the general agent and plaintiff's employe were to act together in soliciting the order. Plaintiff insisted on having a written contract before they left to solicit the order, and he was assured by the general agent that, if an order was obtained, plaintiff would obtain his commission. The order for the machine and the agency contract were immediately forwarded to the home office of the corporation by its general agent. The corporation recognized plaintiff as its agent who procured the order pursuant to the agency contract, and paid a part of the agreed commission. **Held,** that paintiff was entitled to the balance of the agreed commission.

Where a corporation had recognized plaintiff as its agent, who procured an order for a machine pursuant to an agency contract, and had paid him a part of the agreed commission, the testimony of the treasurer and assistant general manager of the corporation that it had no knowledge to the contrary until a subsequent date, when informed by its general agent that he had procured the order and had consummated the sale without assistance from plaintiff, was inadmissible as a self-serving declaration, in an action by plaintiff for the balance of his commission.

Where an order for the purchase of a machine and a contract appointing one a local agent for the seller to procure orders for machines, were executed on the same day, and immediately forwarded to the home office of the seller by its general agent, the seller was charged with knowledge possessed by the general agent with respect to his agreement with the local agent as to commissions on the order.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by A. W. Lindquist against the Northwestern Port Huron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. E. Dodge* and *Frank McNulty,* for appellant.   *J. J. Batterton,* for respondent.

FULLER, J.   This action was to recover an agent's commission provided for in a written contract entered into on the 15th day of April, 1904, between respondent and appellant corporation for the sale of its threshing machines for the current season at the village of Wilmont and in that vicinity.   One complete threshing outfit was sold on the day the agency contract was made; and this appeal is from a judgment entered on a verdict directed in favor of respondent for $900 commission, together with the costs and disbursements allowed by statute.

Both parties having moved for the direction of a verdict upon all the testimony introduced at the trial, appellant is not in position to urge that the evidence was conflicting, and ought to have been submitted to the jury.   By these motions for a directed verdict, the respective parties tacitly admitted that the evidence was free from conflict and waived their right to a jury trial, and consented to have both questions of law and fact determined by the court.   Grigsby v. W. U. Tel. Co., 5 S. D. 561, 59 N. W. 734; Yankton Fire Ins. Co. v. Fremont, E. & M. V. Ry. Co., 7 S. D. 428, 64 N. W. 514; Angier v. Western Assurance Co., 10 S. D. 82, 71 N. W. 761.   The submission of no question of fact to the jury being requested and both parties having rested the case on issues of law, the result of the action is sustainable if no reversible errors of law occurred at the trial and the evidence is legally sufficient to justify the judgment.   It is nowhere contended that a valid agency contract was not entered into by the parties at the time and place specified, and that respondent would be entitled to the entire amount claimed had he made the sale as alleged in the complaint, but counsel for appellant maintain that he cannot recover because the order for the threshing outfit was taken by the general agent of the company a few hours before the commission contract delivered on the same day was executed in writing.

Now, the material facts and circumstances disclosed by the record are to the effect that respondent was an early resident of Wilmont, and for many years had been engaged in the retail sale

of farm implements and threshing machinery in that locality. Some time during the afternoon of April 14, 1904, Mr. Layton, the general agent of appellant, employed to appoint agents and assist them in making sales, reached Wilmont, and immediately called at respondent's office for the express purpose of making the agency contract in question, and in the course of a discussion of matters pertaining to the business respondent stated that he had talked with certain prospective buyers, and it was agreed that his salesman and this representative of appellant should visit them on the following day. Conformable to this arrangement, Clark McLaughlin, a threshing machine salesman working for respondent, and who was using the latter's team in the course of his employment, took Mr. Layton into the country, and obtained the order during the day, returning to Wilmont early that evening when the agency contract was executed and delivered. As it was understood that Mr. McLaughlin and Mr. Layton were to act together in soliciting the order, respondent insisted upon having a written contract on the morning of April 15th before they left town, and was assured by Mr. Layton that, if an order was obtained and a sale consummated, he would get his commission just the same, and that they could write the contract immediately on his return, but could not get farmers to buy threshing machines in the night. While a part of this testimony relating to the agency appears to have been stricken out on motion of appellant's counsel, it stands proved by the undisputed evidence that the only objection made by the prospective purchasers to appellant's machine was the question of their ability to get repairs and extras at Wilmont, and this was met by the repeated assurance of Mr. Layton that he had already entered into an agency contract with Mr. Linduist, who would handle all necessary repairs, and thereupon and with the assistance of Mr. McLaughlin the order for a complete outfit was procured. On account of the fact that appellant delayed the shipment beyond the time specified in the order, the purchasers attempted to cancel the same, but were prevented from doing so by respondent, who took charge of the machine when it finally reached Wilmont, and employed men to assist him in unloading the same, and it is admitted that it was taken and fully paid for by the purchasers. As appel-

lant promptly paid respondent $100 of the commission earned and in numerous letters recognized him as its authorized agent who procured the order pursuant to his commission contract, it sought to avoid the estoppel thereby created by showing that it had no knowledge to the contrary until the 20th day of September, 1905, when Mr. Layton informed the treasurer and assitant general manager of the company that he had procured the order and consummated the sale without any assitance from respondent. The testimony of this witness thus sought to be adduced was not only hearsay, but in the nature of a self-scrving declaration designed to destroy the effect of his numerous letters in acknowledgment of respondent's agency and right to the commission provided for in the contract, and the objection to the offer was very properly sustained. As the order for the machine and agency contract were executed on the same day, and immediately forwarded to the home office of the corporation by Mr. Layton, its general agent, appellant is charged with his knowledge of the undisputed facts and circumstances which are alone sufficient to warrant the conclusion reached by the trial court.

Careful examination and consideration of every point urged for a reversal based on the rulings of the court in admitting and rejecting testimony disclose no reversible errors of law occurring at the trial; and the judgment appealed from is affirmed.