WOODSVILLE GUARANTY SAVINGS BANK *v.* ALBERT E. ROGERS
ET AL.

October Term, 1908.

Present: ROWELL, C. J., MUNSON, WATSON, and MILES, JJ.

Opinion filed October 9, 1909.

*Trial—Motions for Directed Verdict—Waiving Right to Jury.*

A party does not waive his right to go to the jury by moving for a
directed verdict at the close of all the evidence, and by not ex-
pressly asking to go to the jury on the motion being denied.

Plaintiff having made a *prima facie* case, defendants were not en-
titled to a directed verdict at the close of all the evidence, as such
a direction would require the court to weigh the evidence,

There being some evidence to sustain defendants' defence of dis-
charge from liability on the note in suit by extension to their
principal of the time of payment, verdict could not be directed
for plaintiff.

ASSUMPSIT.    Plea, the general issue.    Trial by jury at the
June Term, 1908, Orange County.    At the close of all the evi-
dence plaintiff moved for a directed verdict.    Motion overruled,
*pro forma,* and verdict directed for defendants, and judgment
thereon.    The plaintiff excepted.    The opinion states the case.

*Hosford & Wright* and *Smith & Smith* for the plaintiff.

*R. M. Harvey* for the defendants.

By moving for a verdict without requesting to go to the jury
when the motion was denied, plaintiff waived his right to go to
the jury.    *Sire* v. *Rumbald,* 14 N. Y. Supp. 925, 7 N. Y. Supp.
734; *Grien* v. *Shote,* 7 N. Y. Supp. 69.    And plaintiff is now
estopped to complain of the verdict ordered for defendants, if
there is any evidence tending to sustain their defence.    *Robin-
son* v. *Larrabee,* 58 Vt. 652; *Davis* v. *Town of St. Albans,* 42
Vt. 585; *Sugar Trust Case,* 5 L. R. A. 386; *Hall* v. *Stevens,* 5
L. R. A. 802; *Dillon* v. *Cockcraft,* 90 N. Y. 649; *Ormer* v.

*Darchy,* 82 N. Y. 443; *Breese* v. *McCann,* 56 Vt. 498; *Brooks* v. *Thatcher,* 52 Vt. 559; 1 Randolph Com. Paper, §66.

MILES, Superior Judge.  This is an action of general and special assumpsit counting upon a promissory note payable to the order of the plaintiff and signed by the defendant, Rogers, upon its face and by the defendants, Conant and Flanders, in blank, upon its back.

The defence is put upon three grounds: first, that the defendants, Conant and Flanders, were indorsers and that demand had not been made and notice given, sufficient in law, to bind those defendants; second, that, at most, those defendants were mere sureties and had been discharged by an extension of time for payment to the principal defendant, Rogers, and third, that the note had been paid.

On trial the note was offered and received in evidence and the plaintiff then rested its case.  The defendants, Conant and Flanders, then moved for a verdict in their favor upon the ground that there was no evidence supporting the plaintiff's case.  The motion was overruled and an exception allowed.  The defendants, Conant and Flanders, then put in evidence and rested their case.  The plaintiff thereupon moved for a verdict in its favor.  The defendants opposed the plaintiff's motion and did not renew their motion, but insisted that the case should be submitted to the jury.  After a lengthy discussion of the plaintiff's motion, the court, *pro forma,* directed a verdict for the defendants, to which the plaintiff excepted.  The plaintiff also excepted to the refusal of the court to direct a verdict in its favor.

The defendants claim that the plaintiff waived its right to go to the jury by moving for a verdict in its favor, and because it did not expressly request the court to go to the jury, and they cite *Robinson* v. *Larrabee,* 58 Vt. 652, 5 Atl. 512, and *Davis* v. *St. Albans,* 42 Vt. 585, as authority for that claim.  We think that neither of those cases support the defendants' contention.  In both of those cases it is apparent that they were understandingly submitted to the court at the close of all the evidence.  In the case at bar there is nothing to distinguish it from the ordinary case of overruling a motion for a verdict for one party or

the other at the close of all the evidence.    The rule in such cases is well stated in *Bass* v. *Rublee,* 76 Vt. 395, on page 400, 57 Atl. 965, 966, as follows:—

"The province of the court on such a motion is not to weigh the evidence and ascertain where the preponderance is, but it is limited strictly to determining whether there is or is not evidence from which, if believed, it may reasonably be inferred, in legal contemplation, that the fact affirmed exists, excluding the effect of all modifying or countervailing evidence, and on overruling the motion, no judgment is rendered against the moving party."

The case at bar falls within the rule above stated, and therefore the defendants are not entitled to a verdict and judgment on the ground that the plaintiff's motion was overruled; nor were they entitled to have a verdict directed in their favor on the testimony, for the record shows that the plaintiff made out a *prima facie* case before it rested, and therefore the court could not direct a verdict for the defendants without weighing the evidence.

It was therefore error for the court below to direct a verdict for the defendants.    This holding makes it unnecessary to consider the other questions raised and argued by the defendants' counsel, as the judgment below must be reversed for this error and the case must be remanded, if the court below correctly overruled the plaintiff's motion, otherwise judgment for the plaintiff should be rendered for the sum of $1,808.52, and interest on the same from June 2nd, 1908, to date of judgment, that sum being agreed upon by the parties as the sum due upon the note in suit.

Under the law as settled in this State and as stated in the case of *Latremouille* v. *The Bennington & Burlington Ry. Co.,* 63 Vt. 336, 22 Atl. 656, the motion could not have been entertained, if there was any evidence tending to support the defendants' claim.    Applying that rule to the case at bar and looking into the evidence for its application, we think there was evidence tending to support the defendants' claim.    We think that David Conant's testimony tends to prove that he and Flanders signed the note in suit as sureties for the defendant Rogers, and from the testimony of Mr. Abbott, we find parts tending to prove that the plaintiff knew of this relation.    While, perhaps,

·the weight of Mr. Abbott's testimony may tend to show that he did not extend the time of payment of the note in question, some parts of it, we think, did tend to show it. In one part of it he admitted that he consented to delay and that after that he wrote a letter to defendant Rogers referring to that act as an extension of the time of payment of the note, and some other parts of his testimony tended to show that he had authority to extend the time.

There being some evidence tending to support the defendant's claim, the plaintiff's motion was properly overruled.

*Judgment reversed and cause remanded.*