# GIBSON v. GEORGE G. DOYLE & COMPANY.

No. 2068. Decided January 4, 1910 (106 Pac. 512).

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY. Where, in an action for injuries to plaintiff by the fall of a plumber's wrench alleged to have been negligently left on a step-ladder by defendant's employees who were at work on the premises where plaintiff was employed, evidence *held* not to show such a state of facts that all reasonable men would agree either that defendant's employees were necessarily negligent in leaving the wrench on the ladder, or that plaintiff was free from negligence in opening the door as he did and jarring the wrench off the ladder so that the issues of negligence and contributory negligence were for the jury. (Page 26.)

2. TRIAL—REQUEST TO CHARGE—MODIFICATION. Modification of a request to charge, by merely eliminating argumentative matter therefrom, was not error. (Page 26.)

3. APPEAL AND ERROR — ISSUES — SUBMISSION — RIGHT TO ALLEGE ERROR. Where plaintiff's counsel requested the court to submit to the jury whether defendant's employees, by whose alleged negligence plaintiff was injured, were subject only to defendant's control and direction, or were under the direct supervision of plaintiff's employer, and the jury found in plaintiff's favor on such issue, plaintiff could not complain of its submission. (Page 27.)

4. APPEAL AND ERROR—INSTRUCTIONS—PREJUDICE. That an instruction on an issue, as to which the jury found in plaintiff's favor, was objectionable as on the weight of the evidence, was not prejudicial to plaintiff. (Page 27.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by James Gibson against George G. Doyle & Company.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Powers & Marioneaux* for appellant.

*Dey & Hoppaugh* for respondent.

APPELLANT'S POINTS.

. There was not a scintilla of evidence showing that the plaintiff was guilty of contributory negligence, yet the court charged the jury upon that subject. 'To authorize an instruction it must be relevant. There must be some evidence tending to prove the facts upon which the instruction is based.' (*Kerr v. Lunsford* [West Va.], 2 L. R. A. 678; *Mo. Pac. v. Platzer* [Texas], 3 L. R. A. 642; *Sloan v. Coburn* [Neb.], 4 L. R. A. 470; *Sprague v. Fletcher,* 69 Vt. 69, 37 L. R. A. 840; *State v. Coleman,* 186 Mo. 151, 69 L. R. A. 381; *Richards v. Knight,* 78 Iowa 69, 4 L. R. A. 453; *Markland v. McDaniel,* 51 Kan. 350, 32 Pac. 1114; *Baltimore City Pass. R. E. v. Nugent,* 86 Md. 349, 39 L. R. A. 161.)

RESPONDENT'S POINTS.

Where the question of negligence is the essential fact in the case, and is denied, and the evidence is conflicting, or consists of circumstances from which fair and reasonable inferences may be drawn for or against it, it is within the province of the jury to determine under proper instructions from the court, whether or not the evidence establishes it as the proximate cause of the injury complained of. (*Ewell v. Mining Co.,* 23 Utah 192.) Whether negligence can be inferred from the evidence is for the determination of the court, but whether it ought to be inferred is a question for the jury. (*Patchero v. Judson Mfg. Co.,* 113 Cal. 545; *McCurrie v. Railroad Co.,* 122 Cal. 558.)

Where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury, and this whether the uncertainty arises from a conflict in the testimony or because of the facts being undisputed, fair-minded men will honestly draw different conclusions from them. (*Railroad Co. v. Everett,* 14 Sup. Ct. Rep. 474; *Railroad Co. v. McDade,* 135 U. S. 554; *Anderson v. Daly Mining Co.,* 15 Utah 22, 29.) The plaintiff must have used watch-

fulness to discover the danger in order to avoid the charge of contributory negligence. (*Tuffree v. State Center,* 57 Ia. 538; *Madigan v. Flaherty,* 50 Ill. App. 393; *Beddell v. Berkey,* 76 Mich. 435; *Johnson v. Ramburg,* 49 Minn. 341.)

FRICK, J.

Appellant brought this action to recover damages for personal injuries, which, he alleges, were caused through the negligence of respondent. Appellant, in his complaint, in substance, alleged: That on the 9th day of February, 1907, he was in the employ of Zion's Co-operative Mercantile Institution, a corporation engaged in business in Salt Lake City; that on the date aforesaid respondent was engaged in the plumbing business in Salt Lake City, and, on said date, by two of its employees, was doing some plumbing work for appellant's employer aforesaid in its bottling or drug department, of which appellant was the superintendent; that, in doing said plumbing work, the servants of said respondent were negligent and careless, and negligently suffered and permitted a certain large Stilson wrench to be and remain on a certain stepladder without giving any notice or warning to the appellant that said wrench was left lying on the top of said ladder; that while appellant was engaged in the discharge of his duties, and while ignorant of the presence of said wrench, it fell from said ladder and struck appellant on his head and greatly injured him, to his damage, etc. The defendant answered denying all acts of negligence, and further denied liability for the acts complained of, and, as an affirmative defense, pleaded contributory negligence and assumption of risk. Upon the foregoing issues the case was submitted to a jury, who rendered a verdict for respondent. A judgment was entered accordingly, and appellant presents the case here on appeal.

Appellant filed a motion for a new trial upon the ground, among others, that the evidence was insufficient to sustain the verdict, and assigns the rulings of the court in refusing to grant a new trial upon that ground as error. The par-

ticular reasons urged by appellant's counsel why the court erred in this regard are: (1) That the evidence, as a matter of law, established the negligence of the respondent as charged; and (2) that under the undisputed evidence appellant was not guilty of contributory negligence. In other words, counsel contend that "there is no contributory negligence in this case." Appellant, in substance, testified: That on February 9, 1907, he was in the employ of Zion's Co-operative Mercantile Institution, a corporation, and was discharging the duties of superintendent of its bottling or drug department. That at that time he observed two plumbers at work in the room where he was engaged who were putting in a new sink in place of the old one which they had just removed; that in connection with said work they were also putting in a vent pipe; that this pipe was being put up towards the ceiling of the room over the window; that in putting up the pipe the plumbers were using a stepladder about ten feet high; that there was a carboy filled with ammonia in the room, and appellant told the plumbers, "Don't drop anything, for this is ammonia, and we will get in trouble if it is broken;" that the plumbers were not in the same room with appellant all of the time; that while the plumbers were out of the room appellant had occasion to leave the room where he and the plumbers were at work; that the stepladder used by the plumbers was standing on the floor leaning against the wall and was near the door through which appellant desired to pass; that in attempting to pass through the door appellant, in describing his acts, says: "I pulled the door open, and the corner just jarred the stepladder enough so that the wrench fell off, and it hit me on the head and bounced off. I fell right back against the bench stunned." Appellant also testified that before opening the door he could see that the door, if opened, "was going to come in contact with the ladder." He further stated that he did not know that the wrench was left on top of the stepladder. On cross-examination appellant said: That he had seen the plumbers working in the room on the

day before the accident; that he was told what they were to do; that he knew that they had been working on the ladder with tools; that when they were connecting the pipe he saw them using the wrench; that he did not see the wrench when he was about to pass through the door; but that, "possibly, if I had glanced to the top of the ladder, I could have seen the wrench sticking over;" that the ladder rested against the wall; that there was a small platform on which the wrench was lying; and that appellant did not "think to look on the top of the ladder to see whether there was anything there when I went through the door."

The two plumbers, in substance, testified: That in doing the work aforesaid they used two stepladders, and among other tools the Stilson wrench referred to by appellant; that the wrench weighed four and one-half pounds; that the platform on top of the stepladder was eight and one-half inches wide by eighteen inches long, and the wrench was eighteen inches long; that just prior to the accident one of the plumbers was working on one stepladder and the other was on the other; that is, on the one from which the wrench fell; that at this point the plumber who was on the stepladder on which the wrench was left was required to leave the room and go down into the cellar for a pipe, and the other plumber followed the first one out of the room; that the top of the stepladder inclined towards the wall, and the plumber left the wrench lying on the top of the stepladder against the wall so that the wrench extended beyond the top of the ladder about two inches. The witness then continues the testimony as follows: "When I came back upstairs, this stepladder was across the room. I asked the plaintiff (appellant) what was the matter. He first told me the wrench had fallen on him. . . . He told me he went to move the ladder and got approximately three feet from where it was standing when the wrench fell. . . . He said this was his own fault, that he had no business to move the ladder." The witness further said that the two plumbers were out of the room about ten minutes, during which time the accident occurred. As before stated,

the two plumbers practically agree in their statements, so that it is not necessary to repeat them.

In view of the foregoing facts, is counsel's contention tenable that in view of the evidence, respondent is guilty of negligence as a matter of law, and that appellant, as a matter of law, is not guilty of contributory negligence? We think not. It seems to us that the facts are not of that character upon which all reasonable men would agree either that respondent's employees were necessarily guilty of negligence in leaving the wrench on top of this stepladder under the circumstances, or that appellant was entirely free from all negligence in doing what he did. The question, therefore, was one of fact for the jury, and we are of the opinion that the verdict of the jury finds support in the evidence.

Counsel also urge that the court erred in submitting the question of contributory negligence to the jury, and they excepted to the instruction given by the court on that question. Counsel do not contend that the instruction given by the court on its own motion upon the subject of contributory negligence did not correctly state the law; but they insist that it was error to give the instruction for the reason that the question of contributory negligence, in view of the evidence, was not in the case. From what we have said in passing on the evidence, it necessarily follows that the mere fact of submitting the question of contributory negligence to the jury did not constitute error. Counsel, however, contend that the court erred in modifying a certain request which they asked upon the subject of contributory negligence. We cannot assent to this contention for the reason that the court simply modified counsel's request by eliminating therefrom matters which in their nature were merely argumentative. In so far as the request stated a legal principle, the court gave the charge as requested. After counsel had, however, stated the proposition of law, they followed it by stating the reasons on which the proposition of law rested, and, as this was merely

an argument, the court, in our opinion, did not err in modifying the request in the manner disclosed by the record.

Another assignment relates to the giving of a certain charge in which the court submitted to the jury the question of whether the respondent, as the ultimate employer, was liable for the alleged negligent acts of the two plumbers. There was considerable controversy as to whether the plumbers, in doing the work in question, were or were not under the direct supervision and control of Zion's Cooperative Mercantile Institution. The court, however, submitted that question to the jury in the instruction of which counsel complain. In view of the fact that the record discloses that counsel for appellant themselves requested the court to submit the foregoing question to the jury by requiring them to specially find whether the two plumbers in doing the work referred to, were subject only to the control and direction of respondent, and for the further reason that, as we construe the special finding (and appellant's counsel seem to agree with us in this construction since they do not complain of the finding), the jury found against respondent on that question, the appellant has no cause for complaint.

If we are right in the foregoing conclusions, then counsel's contention that the court erred in giving paragraph 14 of the instructions also fails. The only objection to this instruction is that the court in effect passed on the weight of the evidence offered upon the question which we have just discussed. In view that the jury found in favor of appellant's contention, namely, that the two plumbers were under the direct control and direction of respondent in doing the work before referred to, the giving of the instruction did not constitute prejudicial error, even if it were conceded that the court passed on the weight of the evidence by what was said in the instruction.

In the light of the whole evidence and the instructions given to the jury, we are of the opinion that appellant at

least has suffered no prejudice, nor has he made any such error appear from the record.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.