REDMAN, Appellant, v. LASELL, et al., Respondents.

(183 N. W. 996.)

(File No. 4838.   Opinion filed July 16, 1921.)

1.  Appeals—Dismissal of Appeal—Appellant's Non-notice of Earlier Order, Appeal from Subsequent Noticed Order—Misdescription Re Date of Appealed-from Order, Leave to Amend—Affidavit Showing Non-notice of Earlier Order as Controlling—Amendment Allowed, Dismissal Refused.

Where, on appeal to Supreme Court, respondent's affidavits showed that an order antedating an order appealed from denying a new trial, was filed and entered, it further appearing that appellant's counsel prepared and had entered a later similar order, service of notice of which was accepted, the notice of appeal purporting to be from a judgment and an order denying motion for new trial, but which by clerical error mis-described its date; held, on respondent's motion to dismiss appeal as having been taken from the wrong order, that appellant's motion to amend the papers to conform to date of order actually appealed from should be granted; and, notwithstanding respondent's affidavits showing the earlier order as having ben served by mail, yet, in view of appellant's affidavits showing non-notice or knowledge of such order until respondent's appeal brief was served, such notice is assumed to have existed.

2.  Foreclosure—Mortgaged Farm, Sheriff's Deeds to Mortgagees, Claim of Ownership and Possession Thereunder, Demand on Owner's Tenant Re Time, Place of Threshing Uncut Grain, Notification Accordingly, Division of Grain Between Mortgagee-owner and Purchaser Tenant—Whether Legal Possession in Mortgagees.

Where mortgagees of land owned by plaintiff subject thereto, foreclosed and under claim of title through sheriff's deed went to the farm and told plaintiff's tenant they were owners thereof under title thereunder, and were there to take possession, and required him to give them notice of time and place of threshing the grain, then uncut, the tenant recognizing their claim and notifying them accordingly, the mortgagee-owner receiving the landlord's share of the grain; held, that the acts done were tantamount to a legal taking of possession of the land, no formal legal action or process being essential.

3.  Foreclosure—Mortgagees' Right to Uncut Grain—Sheriff's Deed as Fixing Status of Grain Re Parties' Rights, Whether Grain

Thereafter Drew Soil Nourishment, Question for Jury Unless Waived by Motion for Directed Verdicts.

Where under foreclosure of a realty mortgage and sheriff's deed thereunder mortgagees claimed to owner's tenant that they had title under such deed, and demanded a landlord's share of uncut grain on the land; **held**, that the rights of the parties became fixed at date of sheriff's deed when legal title became vested in mortgagees thereunder, and status of the grain at that time is decisive of the parties' rights, which question concededly involves inquiry as to whether the grain was then completely matured and had ceased to draw nourishment from the soil; said question being one for jury, unless waived by mutual effective motions for directed verdicts.

4.   Trial—Directed Verdict, Motion for at Close of Plaintiff's Evidence as Ineffective After Further Evidence Received Unless Renewed at Close—Waiver of Right by Mutual Motions.

Where, at close of plaintiff's evidence he moved for directed verdict, but failed to renew the motion at close of defendant's evidence, defendant having at close of all evidence moved for directed verdict; **held**, that plaintiff's motion was ineffective under the rule that mutual motions at close of all evidence constitute waiver of right to submit questions of fact to jury.

Appeal from Circuit Court, Day County.   Hon. FRANK ANDERSON, Judge.

Action by E. G. Redman, against S. T. Lasell and William Sikkink, to recover value of plaintiff's alleged share of grain cut by defendant land owner after defendants' mortgage foreclosure and sheriff's deed thereunder. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed, and remanded for further proceedings.

*Loucks, Hasche & Foley,* for Appellant.

*C. C. Bush,* and *Waddel & Dougherty,* for Respondents.

(2)   To point two of the opinion, Appellant cited:   Simmers v. Loose (Mich.) 86 N. W. 383, 24 Cyc. 1399; Kane v. Detroit Life Ins. Co., (Mich.) 170 N. W. 35.

(3)   Under point three, Appellant cited: Kettering v. Baring (S. D.) 159 N. W. 133; Lyons v. Addel (S. D.) 164 N. W. 56; and, re waiver of question to jury; Koehler v. Adler, 78 N. Y. 287.

Respondent cited same decisions, re right to grain; and Hayden v. Burkemper, 101 Mo. 644, 20 Am. St. Rep. 643; Reed v. Swan, 133 Mo. 100.

SMITH, J.   A preliminary question must be disposed of before considering the merits of the appeal.  Respondents moved to dismiss the appeal, the motion being based upon affidavits which allege that on October 4, 1920, respondents' counsel prepared and had signed and entered by the trial court an order denying appellant's motion for a new trial, which was then pending.   Subsequently appellant's counsel prepared a similar order which was filed and entered on November 22, 1920.  On this latter order appellant's attorney indorsed an acceptance of service of notice of the order.   The notice of appeal purported to be from a judgment and an order denying plaintiff's motion for a new trial, which order purports to have been dated October 28, 1920, and filed and entered on November 16, 1920.   In response to the order to show cause, appellant asked leave to amend the notice of appeal and undertaking on appeal so as to describe the order appealed from as dated October 28, 1920, and filed and entered on November 22, 1920, so that the notice of appeal might correctly describe the order prepared and entered by appellant's counsel, as above stated.

Respondents' counsel contend and allege by affidavits that they served by mail the order prepared by themselves and entered October 4th.   In response appellant's counsel insist and show by affidavits that no copy or notice of such order was ever received by them, and that they had no knowledge or notice of any such order until respondents' brief on appeal was served upon them.

[1]   Upon the record before us we must assume that appellant's counsel were without notice of entry of the order of October 4th, and that they were without fault in the preparation, acknowledgment of service, and entry of the later order.   We are also of the view that the error in the notice of appeal as to the date and entry of the order appealed from was a clerical mistake; that appellant's counsel were acting in good faith in the preparation of the notice of appeal and the undertaking on appeal, and that leave should be granted to amend the notice of appeal as asked by appellant.  Isaacson v. Parker, 42 S. D. 562, 176 N. W. 653; Waldo v. Schmidt, 200 N. Y. 199, 93 N. E. 477; Foss v. Johnstone, 158 Cal. 119, 110 Pac. 294, 3 Corp. Juris. 1229.

This brings us to a consideration of the merits of the appeal.

The facts disclosed by the record, so far as material to the question which we deem decisive of the appeal, briefly stated, are as follows: On April 1, 1914, respondents Lasell and Sikkink were the owners of certain farm lands in Grant county, and on that day sold the same to one Cunniff, taking back a mortgage for $5,000 for a balance of unpaid purchase price. Subsequently Cunniff sold and deeded the land to plaintiff, Redman. Default was made in payment of interest on the mortgage, and thereafter, on August 5, 1916, the mortgage was foreclosed, and the property bid in by respondents Lasell and Sikkink. No redemption having been made, respondents on August 8, 1917, received a sheriff's deed for the land, which was filed and recorded on that date. On the same day respondents went to the farm, where they found one Umdahl in possession. They told him they were owners of the land, having acquired title by sheriff's deed under foreclosure proceedings, and were there to take possession of the property, and that they required him to give them notice of the time and place of threshing the grain, which was then uncut. Umdahl, recognizing their claims, notified them accordingly, and respondents received the landlord's share of the grain. Plaintiff brings this action to recover the value of such grain, claiming to be entitled thereto as owner of the land, and alleging that the grain on August 8, 1920, was fully matured, and, at the trial, offered certain evidence tending to prove these allegations. At the opening of the trial plaintiff called both defendants as adverse witnesses, who testified to taking possession of the land, and that the grain standing in the field was green at that time; that none of it had been cut; that afterward, when the grain was cut and threshed, on the 29th of September, 1920, they received and hauled away and sold some 600 bushels of the wheat; that they took possession of the land as above stated, and had brought no action or legal proceeding to obtain possession.

At the close of their evidence, plaintiff rested and moved for a directed verdict, which motion was taken under advisement, the trial court suggesting that the defendant's side of the case should be heard. Thereupon the defendants offered evidence, which, so far as material here, was to the effect that at the time they claimed to have taken possession of the land, the grain was not matured. At the close of the evidence defendants' counsel

moved for a directed verdict, whereupon plaintiff's counsel asked the trial court whether he proposed to excuse the jury and try the case himself, to which inquiry the trial court responded that, in view of both motions, he would try the case as a court case, and excuse the jury. To this ruling appellant excepted, stating:

"The plaintiff excepts upon the grounds that the plaintiff has not made a motion for the directed verdict at the close of the trial. The only motion for a directed verdict on the part of the plaintiff is the record of the motion made at the close of the plaintiff's case, and said motion not having been renewed at the close of the plaintiff's case."

—and now assigns error:

[2] Appellant's counsel make some contention that the acts done by respondents did not amount to a legal taking of possession of the land. We do not concur in this view. Certainly no formal legal action or proceeding was essential to vest possession of the land in the respondents, and we think their acts constituted such a dominion over the land as would amount to taking possession thereof. However that may be, the rights of the parties became fixed at the date of the sheriff's deed when legal title became vested in defendants thereunder, and the status of the grain at that time would be decisive of the rights of the parties. It is conceded by both parties that if the grain was completely matured and had ceased to draw nourishment from the soil at the date of the sheriff's deed, the plaintiff would be entitled to recover.

[3, 4] The real controversy was as to a question of fact, viz. whether the grain had so ripened. This certainly was a question of fact for the jury, unless the parties by mutual effective motions for directed verdicts submitted the case to the trial court. The rule is well settled by many decisions of this court that a motion for a directed verdict at the close of plaintiff's evidence is wholly ineffective for the purpose after the receipt of further evidence, unless renewed at the close of all the evidence. Plaintiff's motion was not renewed at the close of defendants' evidence, and was therefore ineffective under the rule that mutual motions at the close of all the evidence constitute a waiver of the right to submit questions of fact to a jury. These questions have been so long settled by the decisions of this court that a

citation of authorities is unnecessary. The order and judgment of the trial court are reversed, and the cause remanded for further proceedings in accordance with law.