# CHRISTENSEN v. UTAH RAPID TRANSIT CO.

No. 5292.   Decided December 4, 1933.   (27 P. [2d] 468.)

*O. W. Moyle* and *O. W. Moyle, Jr.*, both of Salt Lake City, for appellant.

*A. W. Agee,* of Ogden, for respondent.

FOLLAND, J.

This is an action for damages to plaintiff's automobile which was injured by being driven over a switch standard located between defendant's railroad tracks in about the center of Washington avenue near Second street, in Ogden, Utah. The cause was tried to a jury in the district court of Weber county. At the close of the evidence plaintiff and defendant each made a motion for a directed verdict. The motion of plaintiff was denied, and that of defendant granted. From a judgment in favor of defendant entered upon the directed verdict of no cause of action, plaintiff appeals.

The facts briefly stated are that after dark at about 9 o'clock in the evening of January 14, 1930, plaintiff was driving his Ford car south on Washington avenue approaching Second street. At that point the street is within the corporate limits of Ogden City, but is a continuation of the main state highway extending north and south through the state. It is a street well traveled at all times. The center of Washington Avenue is occupied by two lines of defendant's car tracks. The street is 132 feet wide between property lines, with 30 foot strips of pavement on either side of the double line of car tracks. When the street was paved a

coping or curb was constructed at the edge of the pavement about 2 feet outside of the outer rails of the tracks. Prior to the accident, this coping had been removed by the city and the railroad right of way filled in with dirt and gravel about level with the top of the rails. The switch was located between the tracks a short distance north of the intersection of Second street and Washington avenue. It had a round iron standard about $1\frac{1}{4}$ inches in diameter which extended 18 inches above the level of the ground. The switch standard was 40 feet 9 inches from the west curb of the pavement. The west rail of the west track is 32 feet 6 inches from the west curb. On the night of the accident a coating of packed snow covered the ground and pavement. The tracks had theretofore been swept by a rotary broom sweeper of the railroad company which threw the snow onto the pavement. The rotary sweeper was followed by plows operated by the city which pushed the snow toward the curb and left it in piles about 5 feet in height near the west curb of the street. The width of this pile of snow was estimated by defendant's witnesses as extending from 3 to 5 feet out into the street from the curb, and plaintiff estimated it as extending more than 10 feet. An automobile was parked on the street between the car tracks and the pile of snow at the curb, which plaintiff claimed made it necessary for him to drive onto the railroad right of way. Plaintiff testified that in the center of the street there was a ridge of snow, which had not been moved by the plows, of about 10 inches in height, and that the switch standard projected upward through the snow. Defendant's witnesses testified that the snow had been cleared off for approximately 4 feet around the switch standard. Plaintiff drove his car into the center of the street and over the switch standard, which he said he could not see because of the snow, thereby striking his automobile, bending the front axle, and otherwise damaging the car. The switch standard was unlighted; that is, there was no light on it to warn travelers of its presence.

The assignments of error go to the following points: (1) That defendant's motion for a directed verdict did not state any grounds for the motion, and that the grounds stated by the court in directing the verdict for defendant did not specifically state the grounds or reasons for granting the motion; (2) error of the court in granting the motion on the ground that defendant was not negligent in any of the respects alleged by plaintiff and relied on by him for recovery; (3) error of the court in granting the motion on the ground that plaintiff was guilty of contributory negligence in failing to keep a proper lookout in driving off the paved portion of the highway into the center of the street; and (4) refusal of the court to admit certain evidence offered by the plaintiff.

In making its motion for a directed verdict the defendant did not specify any grounds in support thereof, but the court, in announcing his decision with respect to the motions, made the following statement:

"I am going to state for the benefit of counsel the ground upon which the court directs this verdict. I am simply doing this for the benefit of counsel. In my opinion there is no competent evidence to show that the defendant was negligent in any of the respects alleged by the plaintiff and relied upon by him for recovery in this action. The evidence tends to show, it seems to me, that the plaintiff, Mr. Christensen, was himself guilty of negligence, in that he was careless and negligent in the operation of his automobile, without keeping a proper lookout ahead, for if he had, it seems to me that he should have seen the obstruction which he says he struck with his car. He was further negligent from the fact that he drove off the paved and traveled portion of Washington Avenue and onto and over the street car track of defendant company, and onto and over the unpaved and untraveled portion of said Washington Avenue. If it is contended or maintained that the defendant is guilty of negligence, then I am clearly of the opinion that it must be held that the plaintiff is himself guilty of contributory negligence. Upon these grounds I am going to direct the jury to bring in a verdict in favor of the defendant."

The objections that defendant did not state any grounds in its motion for a directed verdict, and that the grounds stated by the court are insufficient because not specifically

pointing to the particular defects relied on, are decided against appellant's contentions in the case of *Smalley* v. *Rio Grande Western R. Co.*, 34 Utah 423, 98 P. 311, 317. In that case, as here, defendant's motion for a directed verdict, which was sustained by the court, did not disclose any grounds for the motion, but the court in passing on the motion indicated the particular grounds upon which he based his decision. This was held to be sufficient to apprise opposing counsel of the grounds on which the verdict was directed, so that if the defects were curable counsel was in as good a position to supply the missing evidence as though the motion itself had specified the grounds. The court stated the rule as follows:

"This, however, does not mean that the movant of the motion or the court is required to state reasons supporting the grounds. If the grounds are sufficiently specified to call attention to the particular defects and the question of law on which the case is taken from the jury, that is all that is required. A mere general statement that, under the evidence, the plaintiff is not entitled to recover, or that the defendant is entitled to a verdict, or that the plaintiff has not made a sufficient case to go to the jury, does not point to anything. If, however, in a case of negligence a specification is made that the evidence is insufficient to show negligence on the part of the defendant, or that under the evidence the plaintiff is conclusively shown to be guilty of contributory negligence, or that he assumed the risk, etc., such a specification is ordinarily sufficient. If a verdict is directed on the ground that the evidence is insufficient to show negligence on the part of the defendant, it sufficiently is made to appear on what question of law the case was taken from the jury. The making of such a specification ordinarily points out the defect within the meaning of the adjudicated cases."

The grounds stated by the trial court comply with the requirements laid down in the Smalley Case, and were sufficiently specific to call attention to the particular defects and the questions of law on which the case was taken from the jury.

It is next contended by plaintiff that there was sufficient evidence on the issues of negligence of the defendant and of contributory negligence of plaintiff to take the case to

the jury, and that the court erred in directing a verdict. The general rule applicable in considering the propriety of directing a verdict is that the court may not weigh the evidence or determine where the preponderance is, but if there is some substantial evidence in support of the essential facts which the plaintiff is required to prove in order to entitle him to recover, or if the evidence and the inferences deducible therefrom are of a character which would cause reasonable men to arrive at different conclusions with respect to whether all the essential facts were or were not proved, the question is one of fact for the jury, and not one of law for the court. *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 P. 817; *Utah State National Bank* v. *Livingston*, 69 Utah 284, 254 P. 781. Since the verdict is directed against plaintiff, we ordinarily, in considering and reviewing such a ruling, are required to take the testimony and the reasonable inferences deducible therefrom in the light most favorable to the plaintiff. *Barlow* v. *Utah Light & Traction Co.*, 77 Utah 556, 298 P. 386. Defendant, however, argues that these rules are not applicable for the reason that plaintiff, as well as defendant, requested the court to direct a verdict, and that after the court announced that he would, on grounds stated by him, direct a verdict for defendant, neither party requested that the cause be submitted to the jury; that by reason of these facts the parties are conclusively presumed to have waived the right to have the case submitted to the jury, and thereby constituted the court the trier of both the law and the fact, and that a verdict directed by the court under these circumstances is the equivalent of a verdict of the jury rendered upon submission to it of the cause, and that the only issue presented by the assignments of error is whether there was any substantial evidence to sustain the court's finding that defendant was not guilty of negligence, and that plaintiff was guilty of contributory negligence. Defendant, in support of its contention, cites the case of *Beuttell* v. *Magone*, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, and many other

cases which we shall not cite for the reason that they, and others, are found in the ample annotations in 18 A. L. R. 1433, and 69 A. L. R. 634.

While it has not been unusual for both parties in trials before the district courts of this state to make formal requests for a directed verdict in favor of plaintiff and defendant, respectively, this is the first time this court has had presented to it the question with respect to how such double request affects the rights of the parties and the scope of review on appeal. From the annotations in A. L. R. supra, we learn that the authorities are divided and that there are two general rules announced by the courts. In 18 A. L. R. 1433 and 69 A. L. R. 634, it is stated that in the majority of the jurisdictions wherein the question has arisen it has been held that where each of the parties to an action requested the court to direct a verdict in its favor and there is no request that the jury shall be allowed to determine any question of fact, the parties are presumed to have waived the right to a trial by jury and to have constituted the court a trier of questions of law and fact. It is stated further at page 1444 of 18 A. L. R., and page 636 of 69 A. L. R., that no waiver of submission of the case to the jury is presumed from a request for a directed verdict on the part of both parties to an action where there is coupled with that request a request for other instructions or a petition to go to the jury on a disputed question of fact. Where the appellate court is warranted in holding that the parties by their request for a directed verdict have waived the jury and submitted the cause to the court on questions of fact as well as of law, the cases supporting the majority view hold that on appeal the verdict directed by the court has the same conclusive effect and is governed by the same rules as in one rendered by the jury. 18 A. L. R. 1451 and 69 A. L. R. 638. In a number of jurisdictions, a numerical minority, it is expressly held that motions for directed verdicts by both parties do not constitute a waiver of the right of a trial by jury. 18 A. L. R. 1455 and 69 A. L. R.

639. A good statement of the rule and of the reasons supporting it is found in the recent case of *Stevens* v. *Merimack Mutual Fire Ins. Co.,* 84 N. H. 275, 149 A. 498, 502, 69 A. L. R. 624, wherein the court stated:

"The reasoning of the cases supporting the majority view, in brief, is that, by making mutual motions for directed verdicts, the parties 'assume the facts to be undisputed' (*Empire State Cattle Co.* v. *Atchison, T. & S. F. R. Company,* 210 U. S. 1, 8, 28 S. Ct. 607, 609, 52 L. Ed. 931, 15 Ann. Cas. 70; *Williams* v *Vreeland,* 250 U. S. 295, 298, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038), or 'tacitly' admit 'that the evidence was free from conflict' (*Lindquist* v. *Northwestern Port Huron Company,* 22 S. D. 298, 299, 117 N. W. 365), 'affirmed that there was no disputed question of fact which could operate to deflect or control the question of law' (*Beuttell* v. *Magone,* 157 U. S. 154, 157, 15 S. Ct. 566, 567, 39 L. Ed. 654); that the making of such motions is 'sufficient evidence of an intention to waive' the right to a jury trial (*Share* v. *Coats,* 29 S. D. 603, 611, 137 N. W. 402, 403), 'constitute a waiver of the right to submit questions of fact to a jury' (*Redman* v. *Lasell,* 44 S. D. 327, 331, 183 N. W. 996, 998; *Lindquist* v. *Northwestern Port Huron Company,* supra), in effect amounts to an agreement 'that the question at issue should be decided by the court' (*St. Louis, etc.,* v. *Mulkey,* 100 Ark. 71, 74, 139 S. W. 643, 644, Ann. Cas. 1913C, 1339; *Mehrhof Bros. Brick Mfg, Co.* v. *Wood* [City Ct. N. Y.] 14 N. Y. S. 142), is 'necessarily a request that the court find the facts' (*Beuttell* v. *Magone,* supra), 'in effect, is a submission of questions, both of law and fact, to the court' (*Share* v. *Coats,* supra, 29 S. D. 610, 137 N. W. 402, 403) and 'clothed the court with the functions of a jury' (*Thompson* v. *Simpson,* 128 N. Y. 270, 283, 28 N. E. 627, 630; *Second National Bank* v. *Weston,* 161 N. Y. 520, 55 N. E. 1080, 76 Am. St. Rep. 283).

"On the other hand, the courts sustaining the minority view hold, in short, that such mutual motions do 'not amount to a consent that the case shall be taken from the jury' (*Fitzsimmons* v. *Company,* 86 Vt. 229, 233, 84 A. 811, 812; *Mason* v. *Sault,* 93 Vt. 412, 414, 108 A. 267, 18 A. L. R. 1426; *Hayes* v. *Kluge,* 86 N. J. Law, 657, 661, 92 A. 358) or 'to a submission of the controverted questions of fact to the court' (*Wolfe* v. *Company,* 233 Ill. 501, 506, 84 N. E. 614, 13 Ann. Cas. 369; *Taylor* v. *Wooden,* 30 Okl. 6, 8, 118 P. 372, 36 L. R. A. (N. S.) 1018; *Farmers' National Bank* v. *McCall,* 25 Okl. 600, 609, 106 P. 866, 26 L. R. A. (N. S.) 217; *Virginia-Tennessee Hardware Co.* v. *Hodges,* 126 Tenn. 370, 149 S. W. 1056); that the motion of each party is 'distinct from and adverse to that of his adversary,' and that as to each 'the only question submitted to the trial judge is the

question of law' (*Virginia-Tennessee Hardware Co.* v. *Hodges*, supra, 126 Ten. 378, 149 S. W. 1056, 1058) ; that 'such motions do not indicate any agreement or mutual concession by the parties, but rather an irreconcilable difference' (*Manska* v. *Company*, 191 Iowa 1284, 1286, 184 N. W. 345, 346, 18 A. L. R. 1430) ; that they carry no implication of a waiver (*Id.; Stauff* v. *Bingenheimer*, 94 Minn. 309, 312, 102 N. W. 694), but, on the contrary, import an implied request that the disputed facts be submitted to the jury (*German Savings Bank* v. *Company*, 111 Iowa 432, 436, 82 N. W. 1005).

"These opposing views are directed to the effect of unqualified concurring motions for directed verdicts. Courts holding to the majority rule concede that it does not apply when a contrary intention is manifest, or where the denial of the motion is followed by an immediate request for submission of the facts to the jury (*Empire State Cattle Co.* v. *Company*, supra; *Second National Bank* v. *Weston*, supra) ; while courts supporting the minority rule admit that waiver results where all issues are 'understandingly submitted to the court at the close of all the evidence' (*Woodsville, etc.*, v. *Rogers*, 82 Vt. 468, 469, 74 A. 85; *Seaver* v. *Lang*, 92 Vt. 501, 510, 104 A. 877)."

We believe the general understanding among the lawyers in this state has been to regard requests for a directed verdict, even when made by both parties to the action, as merely a device or means by which the court is called on to determine questions of law, and that there would be no waiver of the right to trial by jury unless by words or conduct the intention to waive was clearly expressed. However, on the record before us we are not required to decide the narrow question which divides the authorities as indicated above, and therefore withhold any decision on or approval of the majority or the minority rule, since under either rule this plaintiff did not waive a trial by jury. At the time of submitting his motion for a directed verdict plaintiff also submitted in writing eleven special requests for instructions to the jury to find on disputed questions of fact. Where this is done it is fair to assume that the plaintiff did not intend to waive the right to have a jury pass on disputed questions of fact if the court should deny his motion for a directed verdict. One of the latest expressions on this subject from a court bound by the ma-

jority rule stated above is found in *W. A. Hover & Co.* v. *Denver & R. G. W. R. Co.* (C. C. A.) 17 F. (2d) 881, 883, as follows:

"No waiver of the right to have a case submitted to a jury is presumed from a request for a directed verdict on the part of both parties, where there is coupled therewith a request for other instructions, or for the submission of disputed questions of fact to the jury. *Minahan* v. *Grand Trunk Western Railway Co.* (C. C. A.) 138 F. 37; *Sigua Iron Co.* v. *Greene* (C. C. A.) 88 F. 207; *Empire State Cattle Co.* v. *Atchison Ry. Co.*, 210 U. S. 1, 9, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, which approved the concurring opinion of Judge Walter H. Sanborn in *Empire State Cattle Co.* v. *Atchison, T. & S. F. Ry. Co.* (C. C. A.) 147 F. 457, and the concurring opinion of Judge Shelby in *McCormick* v. *National City Bank of Waco* (C. C. A.) 142 F. 132, 6 Ann. Cas. 544; *Minahan* v. *Grand Trunk Western Railway Co.*, supra; *Manska* v. *San Benito Land Co.*, supra [18 A. L. R.] page 1444. It is apparent, therefore, that the defendant did not waive its right to have the disputed questions of fact, if any, submitted to the jury, and that the court was in error in directing a verdict in favor of the plaintiff, unless 'the testimony and all the inferences which the jury reasonably may draw therefrom would be insufficient to support a different finding.' *C., M. & St. P. Ry. Co.* v. *Coogan*, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041."

We conclude therefore that we may on a review of the evidence in the case determine whether it and all the inferences which may be drawn therefrom would be insufficient to support a verdict for plaintiff, and if not the case should have been submitted to the jury for determination under appropriate instructions by the court.

It is alleged by plaintiff and denied by defendant that Washington avenue was open to the public for travel its entire width between curbs, including the railroad right of way. There is evidence tending to prove the allegations of plaintiff that the street at the place where the accident occurred had been opened for travel by Ogden City and that the railroad right of way was being used by the traveling public. It was shown that the coping or curbs at the edge of the railroad right of way, constructed at the time the street was paved, had been removed and the unpaved

portion filled in with dirt and gravel level with the top of the rails and about level with the pavement. At the time of the accident the entire street was covered with snow; there being a coating of packed snow on the surface and other snow had been removed from the railroad right of way and the paved portion of the street and piled on the side near the curb. In the center of the street, however, there was a strip which neither the brooms nor snow plows had touched, leaving the snow as it fell. The evidence, while not requiring a finding that the street was open to the public for travel, yet was such that a jury could well find that to be a fact.

When a street is opened and public travel invited thereon it must be made reasonably safe for such travel over the portions that are opened and set apart for that purpose. *Herndon* v. *Salt Lake City,* 34 Utah 65, 95 P. 646, 131 Am. St. Rep. 827; 2 Elliott Roads and Streets, § 800. If the jury should find that Washington avenue at the place of the accident had been by the city opened and prepared for travel, it should then determine whether the street was maintained in a reasonably safe condition. That is a question of fact to be determined by the jury from all the facts and circumstances in the particular case. *Herndon* v. *Salt Lake City,* supra. Where railroad tracks occupy a portion of the street that has been opened to the public for its use, the duty of maintaining the right of way in a reasonably safe condition for travel is on the railroad company. The rule is stated in 2 Elliott Roads and Streets, § 967, as follows:

"It is the duty of a street railway company to exercise ordinary care and diligence to prevent injury to persons lawfully traveling the street or road occupied by its tracks. It is bound to know that the public may use the entire street or road when not in actual use by its cars, and it must employ reasonable means to prevent injury to those who it knows may rightfully so use the road or street, for this knowledge requires that it shall exercise care and diligence to make it reasonably safe to travel the highway in the ordinary mode, or at least not to make it unsafe. If the company omits to exercise

ordinary care, and thus causes injury to a person in rightful and careful use of the street or road, it must respond in damages."

We hold there was sufficient competent evidence to take the case to the jury on the question of whether the street had been, prior to the accident, opened for ■ travel over and along the railroad right of way, and whether the defendant company under all the facts and circumstances disclosed by the evidence was guilty of negligence in maintaining its unlighted switch standard between the rails in the center of the street.

So, also, on the question of the alleged contributory negligence of plaintiff, we are not satisfied that the evidence was such that all reasonable men would agree that plaintiff was negligent. Hence the case should have been submitted to the jury. *Gibson* v. *George G. Doyle & Co.*, ■ 37 Utah, 21, 106 P. 512. In determining whether or not plaintiff failed to keep a proper lookout ahead, and whether he could or should have seen the projecting unlighted switch standard, the jury were entitled to take into consideration the condition of the street at the time; the fact that it was dark and there was snow on the street, whether or not the snow obscured plaintiff's view of the switch standard or whether the snow had been cleared off around the switch standard as testified to by defendant's witnesses; whether the street lamp, if lighted, cast a sufficient light to enable the standard to be seen, and whether or not plaintiff's automobile headlights were sufficient, if he was driving with care, to reveal its presence. The switch standard was not of such size or height as to require a finding that its presence should have been discovered in the exercise of due care under the conditions prevailing at the time. On the question of whether plaintiff was negligent in driving into the center of the highway, the evidence discloses there were piles of snow near the right-hand curb and an automobile parked in the street alongside the parked snow which required plaintiff to drive to the left of the

parked automobile. If the jury should find that the entire street between curbs had been opened for travel, then plaintiff would have a right to drive on or over any part of such street. *Davidson* v. *Utah Independent Tel. Co.*, 34 Utah 249, 97 P. 124. He of course was required to comply with the law respecting the use of the highway, but as to that there is no question raised in this case.

Plaintiff assigns error in the refusal of the court to allow him to show that defendant altered the type of switch standard involved in the accident after the accident occurred so that an automobile might pass over it without injury. It is the general rule that where a dangerous or defective appliance is alleged to have resulted in an injury for which damages are sought to be recovered, evidence that subsequent to the accident changes or repairs thereof or thereto were made is inadmissible to show antecedent negligence or as an admission of negligence on the particular occasion in question, although such evidence may be admissible for other purposes. 45 C. J. 1232; *Derrington* v. *Southern Ry. Co.*, 328 Mo. 283, 40 S. W. (2d) 1069. The evidence was not offered for the purpose of proving any relevant or material fact, but merely as tending to show antecedent negligence or an admission of negligence in the maintenance of the switch standard. The evidence was rightly excluded.

Another assignment is that the court erred in refusing to allow plaintiff to prove that other types of switch standards used on the same street railway in the vicinity of the one struck by plaintiff were maintained without projecting standards and so constructed as to allow automobiles to drive over them without injury. An inspection of the record discloses that an objection was made to a preliminary question wherein the witness was asked, "Q. Do you know of any other type of switches that the defendant has used in that vicinity," and the witness answered, "Yes, I do." Thereupon objection was made to the question on the ground of immateriality, and the objection sustained.

Notwithstanding the objection and the ruling of the court counsel proceeded, without objection, to elicit from the witness the location and description of other switches in the vicinity where no switch standard extended above the level of the road. Clearly the record does not present any question for decision with respect to admissibility of this evidence.

The judgment is reversed, and the cause remanded to the district court of Weber county, with directions to grant a new trial. Costs to appellant.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.