## WOOD v. KINTER et al.

No. 5533.  Decided April 5, 1935.  (43 P. [2d] 192.)

*L. J. Bradford,* of Salt Lake City, for appellant.

*Budge & Parker,* of Salt Lake City, for respondents.

EPHRAIM HANSON, Justice.

This action was brought by the plaintiff to recover money deposited in the Zion's Savings Bank & Trust Company by the defendant Kinter. The complaint alleges that Louisa Wood intrusted with the defendant Kinter $2,000 for the purpose of depositing it solely in the name and to the account of Louisa Wood, and that thereafter, and on or about the 9th of February, 1933, the defendant Kinter deposited said money in Zion's Savings Bank & Trust Company in a joint account between Louisa Wood and Mrs. Kinter, with the right of survivorship in either, contrary to the will of the said Louisa Wood and without her consent and without her knowledge; that, at the time of intrusting the money to the defendant Kinter, Louisa Wood suffered great and excruciating physical and mental pain as a result of dropsy, and that she was by reason of said disease unable, unassisted, to properly manage and take care of her property, and was likely to be deceived and imposed upon by artful and designing persons; that the defendant Kinter at all times well knew of the physical and mental condition of the said Louisa Wood, and did at said time, in order to obtain possession of the said moneys aforesaid, represent to said Louisa Wood that she (defendant Kinter) would deposit said money aforesaid to the account of and in the name of Louisa Wood solely in defendant banking institution, and the defendant Kinter artfully, knowingly, and maliciously, and with the design of defrauding the said Louisa Wood and her estate, so obtained and deposited as aforesaid the said money.

The defendant Kinter answered, and, after denying the allegations of the complaint hereinbefore referred to, alleged that she and the deceased, Louisa Wood, were warm personal friends, and that the said Louisa Wood often expressed the desire to compensate the defendant for innumerable services that she had performed for Mrs. Wood, and that she directed the defendant to deposit the money in the bank in a joint account to herself and the defendant Kinter with the right

of survivorship, which was done; and that said money was deposited under a certain written signed contract executed by Mrs. Wood and the defendant to said bank, which contract was as follows:

"Joint Tenancy Agreement

"No. 166016

"Name ——————

  "Address ——————

  "We, the undersigned, hereby jointly agree and certify that we have this day deposited with Zions Savings Bank & Trust Company of Salt Lake City, Utah, the sum of —————— Dollars ($2,000.00), current funds, and said money is to be held by said bank upon the following terms and conditions, towit: The undersigned own the same as joint tenants, with right of survivorship, and with the right to either of the undersigned to draw out the whole or any part of said sum at any time or times during the life of both, and upon the death of either of the undersigned, the survivor shall own absolutely and be entitled to the whole of the residue of the said deposit, and said residue shall be payable to and be drawn by such survivor at the pleasure of such survivor. All moneys which either of the undersigned shall hereafter deposit on the account above mentioned, or add to the deposit above mentioned, and all dividends, accumulations and increase of said original deposit, or of any subsequent deposits or additions thereto, shall be held, owned and drawn upon the same conditions and terms, that is, either of the undersigned may draw the same, or any part thereof, during the lifetime of both, and the whole shall vest absolutely in the survivor upon the death of either of the undersigned.

  "Witness our hands this 9th day of February, 1933.

"Louise Wood    [Seal]

"Anne Kinter    [Seal]

"Signed in the presence of

  "Howard Best (As to signature of Anne Kinter)

  "J. H. Evans (Endorsed on back as witness to signature of Louise Wood)."

That immediately upon execution and delivery of said agreement above set forth the said Louisa Wood delivered into the possession of the defendant the passbook representing said account and deposit in said bank, and that upon the death of Mrs. Wood the defendant Kinter became the owner of the deposit.

The defendant corporation answered that on or about the 9th of February, 1933, said $2,000 was deposited in a joint account in the names of Louisa Wood and Anna Kinter under and pursuant to the joint tenancy agreement heretofore set forth, and asked that the respective claimants litigate the right to the fund.

At the conclusion of the evidence, the defendant Kinter requested the court to instruct the jury to return a verdict in her favor. The plaintiff requested the court to instruct the jury to return a verdict in favor of plaintiff. In addition to that request, the plaintiff requested fourteen other instructions. The trial court instructed the jury to return a verdict in favor of the defendant Kinter, and judgment in her favor was duly entered on the verdict. Plaintiff appeals to this court to have the action of the trial court reviewed. This court held in the case of *Christensen* v. *Utah Rapid Transit Co.*, 83 Utah 231, 27 P. (2d) 468, that, where plaintiff and defendant each moved for a directed verdict, a party did not waive his right to have the jury pass on disputed questions of fact, where, at the time of the motion, he also submitted in writing other requests for instructions. Under the law as announced in that case, disputed questions of fact would still be for the determination of the jury, notwithstanding the motions for directed verdicts by both parties.

This court is now called upon to determine whether on the whole record there is any substantial conflict in the evidence upon which the jury should pass. The evidence discloses that the money in question was received by Mrs. Wood in the form of a check from her deceased father's estate. The exact date the check was received is not shown. The check, however, is dated December 21, 1932. From the time of its receipt until on or about February 9th Mrs. Wood kept the check in her possession, and on that day delivered the same to the defendant Kinter for deposit in the defendant bank. Mrs. Wood was at that time, and for some

time prior thereto had been, ill and confined to her bed the greater part of the time. That her mind was clear, however, and that she was capable of understanding, performing, and conducting business transactions is quite manifest from the evidence. The evidence is further convincing that Mrs. Wood desired that Mrs. Kinter have this money upon her death. Mrs. Kinter had been helpful to her for a number of years, had been a close friend and neighbor, had assisted her, and Mrs. Wood had formed rather a deep attachment for her, and because of the many acts of kindness of Mrs. Kinter and the attachment formed between the two, Mrs. Wood preferred to give this money to her rather than to leave it to any other person, and so expressed herself.

There is nothing in the record that in any wise shows that Mrs. Wood was imposed upon or did not fully understand the nature of the transaction, or that she was by reason of any sickness incapable of understanding the whole affair. There is no evidence of any kind or nature that Mrs. Kinter imposed upon Mrs. Wood in any way. The burden of proof was upon the plaintiff to establish mental incapacity and the imposition which was alleged in the complaint. This the plaintiff failed to do.

There being no evidence upon which to set aside the transaction, the only other question for us to determine is: Does the agreement in question constitute a joint tenancy with the right of survivorship in Mrs. Kinter? This question has been settled by this court by the cases of *Holt et al.* v. *Bayles*, 39 P. (2d) 715, and *Columbia Trust Co.* v. *Auglum*, 63 Utah 353, 225 P. 1089.

The judgment of the trial court is affirmed; costs to respondents.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.