NATIONAL CASH REGISTER COMPANY, Plaintiff in error, vs. BONNEVILLE, Defendant in error.

*September 10—September 29, 1903.*

**Payment: Accounts: Motions for direction of verdict: Waiver of jury trial: Replevin: Sufficiency of verdict.**

1. If by express or tacit consent two parties agree to the entry upon a mutual account between them of a charge against one, and that one proceeds to make payments sufficient to cover that item and all preceding ones, it constitutes payment of that item, at least as against protest by any third person.
2. Although both parties move for the direction of a verdict they do not thereby waive the right to have the facts passed upon by the jury.

3. A verdict in replevin is not insufficient because it does not expressly determine the ownership of the property, if it finds the facts from which ownership results as matter of law.

ERROR to review a judgment of the circuit court for Taylor county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action of replevin for a cash register sold by plaintiff to defendant at an agreed price of $200, upon which credit was allowed for the price of a former cash register, shipped to the defendant by the plaintiff at the request of one William Werder, the price whereof was supposed to have been sent by Werder to the plaintiff. The balance of $135 was to be paid in certain specified instalments, and the title to remain in the plaintiff until completed payment. Such sum was paid, as agreed. Plaintiff claimed that the allowance of credit for the former machine was made upon the representation of the defendant that the price of the same had been paid, which was alleged to be false. Defendant denied any such representation, and offered proof that he had paid the price thereof to Werder. The case was submitted to the jury, with instructions that they could find for the defendant only by finding that the defendant had paid the full price to the person entitled to receive the same. The jury found a verdict in favor of the defendant, upon which judgment was entered, to which the plaintiff sued out writ of error.

The cause was submitted for the plaintiff in error on the brief of *John B. Hagarty,* and for the defendant in error on that of *Textor & Cook.*

DODGE, J. The principal contention is that there was no evidence that defendant had paid the price of the first machine, closely associated with which is the claim that the evidence offered to establish that fact was inadmissible. That evidence consisted in defendant's own testimony that Werder, from whom he was purchasing goods and with whom he had an open account, ordered this machine to be sent to defendant

and charged it in the open account; that thereafter defendant went on paying upon this open account, which was increased by subsequent purchases, and had paid largely in excess of all that was charged thereon up to and including the charge for this original cash register. If it be assumed that Werder was the person to whom defendant was to make payment for this first machine (a fact which apparently was assumed by all parties upon the trial, and which is warranted by a recitation in the written contract, indicating that all parties understood that Werder, and not the defendant, was the person to pay plaintiff), we are of opinion that these contentions of the appellant must be overruled. If by express or tacit consent two parties agree to the entry upon a mutual account between them of a charge against one, and that one proceeds and makes payments in amounts sufficient to cover that item, together with all preceding ones, it constitutes payment of that item, at least as against protest by any third party. It is urged by the appellant that since defendant did not accept and retain the old machine, he did not owe for it, and therefore any payments which he made to Werder on account must be applied to other items in that account; but this is a contention which only the defendant himself could make. If he was willing that as between him and Werder this first machine be charged to him, the appellant cannot be heard to object. Such testimony, then, being admissible, of course tended to prove the fact of payment, and if believed by the jury, warranted them in finding that the defendant's representation that he had paid the purchase price was true.

In this connection it is urged that, inasmuch as both plaintiff and defendant moved for the direction of a verdict, the parties waived a decision by the jury upon all questions of fact, and consented that the court should pass upon them; whence it is claimed that the court should have considered where was the preponderance of the evidence upon this and other questions, and decided the facts without submission to

the jury. That rule of practice, which maintains in New York, has been entirely repudiated in this state some years since; long enough, it would seem, for the profession to have ascertained the fact, and to refrain from repeated citation of the New York authorities on the subject. *Thompson v. Brennan,* 104 Wis. 564, 80 N. W. 947.

A criticism of the charge based upon the assumption that the court assumed that the first cash register was sent to the defendant by Werder is obviously unfounded. The statement made by the court is perhaps a trifle ambiguous, but clearly, in the light of the record, was that the purchase price was claimed to have been sent to the plaintiff by Werder; which is a correct exposition of the recitation of the contract. In any event, it is wholly immaterial, and could have worked no prejudice, for in immediate connection the court points out that the register itself was shipped direct to the defendant by the plaintiff.

Further complaint is made that the jury did not, by their verdict, expressly determine the ownership of the replevied register. The verdict was to the effect, among other things, that the defendant was entitled to possession, and that the plaintiff unjustly took and detained the same. The jury were instructed that they could reach this verdict only by finding that defendant had fully paid for the register, so that they must be presumed to have found this fact; which, being found, left no question of fact as to the title. Confessedly, if the property was paid for, it belonged to the defendant. If it was not paid for, the plaintiff had a special interest therein. There was no occasion for the jury to go further than to find the facts, to which the court might apply the law.

We find no other assignments of error worthy of discussion.

*By the Court.*—Judgment affirmed.