VIRGINIA-TENNESSEE HARDWARE COMPANY *v.* OLLIE SUE
HODGES.

(*Knoxville.*   September Term, 1912.)

1. **PRACTICE.** *Our courts are not bound by precedents of other*
   *States, but may adopt the best and most conducive to justice.*
   On points of practice wholly new in this State, the supreme
   court, in establishing the practice to be followed here, is not
   bound to follow the precedents of other States, but exercises
   the unquestionable right of choosing what may seem to it to
   be the best practice, and that most conducive to the attain-
   ment of justice; and while foreign precedents should not be
   lightly disregarded, yet less hesitancy is felt in declining to
   follow them on a point of practice than one involving a ques-
   tion of substantive law. (*Post, pp.* 374, 375.)

2. **SAME.** Both parties moving for peremptory instructions, and
   the denial thereof, does not operate to withdraw case from jury
   and to submit questions of fact to trial judge.
   Where both parties move for peremptory instructions, the trial
   judge, if satisfied there is a conflict in the evidence, should
   refuse both motions, and submit the case to the jury, with
   general instructions as a case unfit for peremptory instruc-
   tions; for such motions, when the trial judge is of the opinion
   both should be denied, do not operate as an agreement for the
   withdrawal of the case from the jury, and for a submission of
   the determination of the disputed questions of fact to be made
   by the trial judge, but only as a submission of the question of
   law, and, as a preliminary thereto, a submission of the question
   whether a conflict in the evidence exists. (*Post, pp.* 373, 374,
   375-377.)

Cases cited and approved:   Wolf v. Printing Co., 233 Ill., 501;
   Banks v. Bates Imp. Co., 121 Iowa, 432; Stauff v. Bingenheimer,
   94 Minn., 309; Thompson v. Brennan, 104 Wis., 564; Cash Reg.
   Co. v. Bonneville, 119 Wis., 222; Taylor v. Wooden, 30 Okl., 6.

Hardware Co. v. Hodges.

3. SAME. Same. Effect of moving for peremptory instructions by both parties; but denial of motions does not withdraw case from jury.

The party moving for peremptory instructions thereby asserts his belief that there is no conflict in the evidence on any substantial or material point, and insists that the law is with him on such undisputed evidence; and it is equally true that his adversary, making a similar motion, is in the attitude of making the same claim in his own behalf, both as to facts and law. They are both, then, in the attitude of saying there is nothing but a question of law involved; that is the law of the case as applicable to the undisputed facts. But their assertions are mere expressions of opinions, and do not amount to an agreement as to the facts, so as to withdraw the case from the jury, and submit the same to the trial judge, in case both motions are denied. (*Post, pp. 375-377.*)

Case cited and approved: Tyrus v. Railroad, 114 Tenn., 579.

4. SAME. Effect and treatment of motions for peremptory instructions, when made by both parties.

Where both parties move for peremptory instructions, the motion of each party should be treated for what it is, a matter wholly distinct from and adverse to that of his adversary. Neither is put in a worse position, so far as concerns his ultimate right of review, by his adversary's making a similar motion. Such motion should stand as if made and remaining alone, and should be disposed of on its own merits. The only question submitted to the trial judge is the question of law; as a necessary preliminary to responding to this question, he must determine whether there is any substantial conflict in the evidence; if he finds such conflict, or undisputed evidence from which conflicting inferences may reasonably be drawn, on material points, he should submit the case to the jury; if he is of the opinion that there is no such conflict, he should sustain the motion of the one party or of the other, according to his view of the facts and the law. (*Post, p. 378.*)

5. SAME. Review of action of trial judge upon motions for peremptory instructions, made by both parties.

Where both parties move for peremptory instructions, the party whose motion therefor has been overruled may have the action of the trial judge reviewed on appeal, without the necessity of asking the submission of any special question or questions to the jury; and on such appeal, he may attack the action of the trial judge, in overruling his motion and in sustaining that of his adversary, and may put forward his contention of the facts and assail that of his adversary; and the appellate court will, for itself, ascertain the facts, and will determine whether the trial judge should have sustained the one motion or the other, or should have submitted the case to the jury. (*Post*, *p.* 378.)

---

### FROM SULLIVAN.

---

Appeal from the Circuit Court of Sullivan County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—DANA HARMON, Judge.

W. D. LYON and HARR & BURROW, for Hardware Co.

C. J. ST. JOHN and PHLEGAR, POWELL, PRICE & SHELTON, for Hodges.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The defendant in error sued the plaintiff in error in the law court at Bristol for damages arising out of the death of her husband, alleged to have been caused by the negligence of the plaintiff in error.

After the evidence on both sides had been submitted to the jury, the plaintiff in error asked the court to give the jury a peremptory instruction in its favor. The defendant in error thereupon asked the court to instruct the jury in her favor, except as to the amount of damages, which she asked to be submitted to the jury. The plaintiff in error thereupon asked the court to be permitted to withdraw its motion. This request was refused by the court. The trial judge then instructed the jury in favor of the defendant in error, except as to the amount of damages, and submitted this question to the jury, and the latter returned a verdict in favor of the defendant in error for $1500. The plaintiff in error thereupon appealed to the court of civil appeals, in which court the action of the trial judge, in refusing to permit the plaintiff in error to withdraw its motion for a peremptory instruction, was assigned as error. That court held there was error in this, and also that there was sufficient conflict in the evidence to require that the case be submitted to the jury on the merits of the controversy. The case was then brought to this court by the writ of *certiorari* to the court of civil appeals.

We have no reported decisions of this court upon the effect of concurrent motions of plaintiff and defendant in the trial court for peremptory instructions. The subject has been much discussed in the federal courts, and in the courts of last resort of several of the States. Most of the authorities will be found collected in a note to the case of *McCormick* v. *National City Bank,* 6 Ann. Cas., 544, and in the note to *Wolf* v. *Chicago Sign Printing*

*Co.,* 13 Ann. Cas., 369, and in Cyc., vol. 38, pp. 1582-1584. Subsequent cases show but little, if any, change in the position of the several courts. We do not follow any of these cases closely, but find most in accord with our views these authorities, viz.: *Wolf* v. *Chicago Sign Prtg. Co.,* 233 Ill., 501, 84 N. E., 614, supra; *German Savings Bank* v. *Bates Imp. Co.,* 111 Iowa, 432, 82 N. W., 1005; *Stauff* v. *Bingenheimer,* 94 Minn., 309, 102 N. W., 694; *National Cash Reg. Co.* v. *Bonneville,* 119 Wis., 222, 96 N. W., 558; *Thompson* v. *Brennan,* 104 Wis., 564, 80 N. W., 947; *Taylor* v. *Wooden,* 30 Okl., 6, 118 Pac., 372, 36 L. R. A. (N. S.), 1018. We are aware that the views we entertain are at variance with a large number of authorities, but in adopting a practice for our State, on the point in question, we are desirous of securing one as simple and easy of application as possible, and one that will at the same time preserve wholly unimpaired the right of trial by jury.

On points of practice which are wholly new in this State, this court, in establishing the practice to be followed here, does not feel itself bound to follow the precedents of other States, but exercises the unquestionable right of choosing what may seem to it the best practice, that most conducive to the attainment of justice. Foreign precedents are not authority. They are only persuasive, though we concede, not lightly to be disregarded. Yet we feel less hesitancy in declining to follow a line of precedents on a point of practice than on one involving a question of substantive law.

The cases show that a very complicated system has grown up under the rules administered in the federal courts and in some of the States on concurrent motions for perempetory instructions, imperiling, as we think, not only the rights of the parties respecting the review of rulings of the trial judge upon many questions arising during the course of the trial, but even the fundamental right of trial by jury itself. We shall endeavor to relieve the practice here of all of these difficulties by refusing to, follow the prevailing rule as to the effect, or supposed effect, of concurrent motions.

Instructions of this character are very. useful when confined to their legitimate sphere of presenting only a question of law to the court—the legal effect of uncontested facts; but when the artificial rule last mentioned is imported into the practice, many difficulties are introduced, which not only influence the efficiency of the practice of giving peremptory instructions, but make them a pitfall for litigants.

It is true that one who moves the court for peremptory instructions thereby asserts his belief that there is no conflict in the evidence on any substantial or material point, and insists that the law is with him on such undisputed evidence; and it is equally true that his adversary, making a similar motion, is in the attitude of making the same claim in his own behalf, both as to facts and law. They are both, then, in the attitude of saying there is nothing but a question of law involved; that is, the law of the case, as applicable to the undisputed facts. *Tyrus* v. *Kansas City, Ft. S. & M. R.*

*Co.,* 114 Tenn., 579, 86 S. W., 1074. Obviously, however, the assertion on each side that the facts are not in conflict is but the expression of an opinion, and a claim that they are favorable to the contention of the motioning party. It cannot be that the parties, by making such motions, understand themselves as thereby agreeing to a particular statement of facts equivalent to a written stipulation signed by them. On the contrary, they know that the ultimate facts are to be ascertained by construction of the testimony of witnesses, and that the trial judge may take a different view from both as to whether there is any conflict. We do not think it can be fairly said that they invite him to both ascertain the existence of the conflict in the evidence and to settle it. The position of each is, necessarily, that there is no conflict, and the action of the trial judge is invoked on that basis. Each party acts for himself alone; not in union with his adversary, but in opposition to him. How, from this *status,* can there be justly drawn a conclusion that these adversaries, in presenting adverse motions, are really agreeing to a settlement of differences? Again, how can it be said that, when each party assumes and asserts that there is no conflict in the evidence, and that there is only a question of law involved, they thereby assert that there is a conflict, and ask the court to settle it; or, if there be a conflict, that they ask the court to settle it, and then to apply the law to the facts as he shall find them? The fallacy, we think, is in assuming that the parties are agreeing to anything. Their motions are not

Hardware Co. v. Hodges.

intended as acts of agreement, or as overtures therefor, but, on the contrary, as instruments of contest.

It is true that each litigant, on making the motion for peremptory instructions, expects and understands that the trial judge will consider the evidence; and he must know that the judge will either find there is no substantial conflict, or that there is such conflict, and that in the first instance he will give the instruction in favor of one party or the other in accordance with his view of the law applicable to the facts. But he cannot be said to have assumed, much less agreed, with his adversary and the court, that in the second case (the finding of a conflict) the judge will either submit the case to the jury or take it from them, and decide the disputed points himself, as if the jury had in express terms been distinctly and formally waived by both parties. There are no such alternatives, either as logical sequences or within the contemplation of the parties. The obvious and true alternatives are that the judge will either peremptorily instruct the jury in favor of one party or the other, or will submit the case to the jury with general instructions as one unfit for peremptory instructions. In our judgment, we say, with great respect for the learned courts that have held to the contrary, that the construction of such acts of the parties into an agreement that the case shall be withdrawn from the jury and decided by the judge on the merits of the controversy at large, when he is of opinion and adjudges that both motions should be denied, is one that the acts and attitude of the parties cannot logically or soundly bear.

We are of the opinion that, under the true practice, the motion of each party should be treated for what it is, a matter wholly distinct from and adverse to that of his adversary; that neither is put in a worse position, so far as concerns his ultimate right of review, by his adversary's making a similar motion; that such motion should stand as if made and remaining alone, and should be disposed of on its own merits; that the only question submitted to the trial judge is the question of law above indicated; that, as a necessary preliminary to responding to this question, he must determine whether there is any substantial conflict in the evidence; that if he finds such conflict, or undiputed evidence from which conflicting inferences may reasonably be drawn, on material points, he should submit the case to the jury; that if he is of opinion there is no such conflict, he should sustain the motion of one party or of the other, according to his view of the facts and the law; that the party whose motion has been overruled may have the action of the trial judge reviewed on appeal, without the necessity of asking the submission of any special question or questions to the jury; that on such appeal he may attack the action of the trial judge, in overruling his motion and in sustaining that of his adversary, and may put forward his contention of the facts and assail that of his adversary; and the appellate court will for itself ascertain the facts, and will determine whether the trial judge should have sustained the one motion or the other, or should have submitted the case to the jury.

Hardware Co. v. Hodges.

In view of the practice thus outlined, it is apparent that the motion to withdraw plaintiff in error's motion for peremptory instructions was immaterial and unnecessary, and that the only question for consideration was whether the trial judge ruled correctly in overruling plaintiff in error's motion for peremptory instructions and granting that of defendant in error. We are of the opinion that there was such a conflict in the evidence as made it the duty of the judge to overrule both motions and submit the case to the jury. For his failure to do so the judgment of the circuit court is reversed, and the cause remanded for a new trial. The court of civil appeals, as already stated, reached the same conclusion, but under an erroneous view of the question of practice above discussed, their judgment being based on two of their own cases, and cases from other States in accord therewith.

Defendant in error will pay the costs of this court and of the court of civil appeals.