HUCHTING, Appellant, vs. RAHN, Respondent.

*November 9—December 5, 1922.*

*Real-estate brokers: When entitled to commission: Exclusive agency: Property sold by owner: Question for jury: Trial: Motions by all parties for directed verdict: Option by court.*

1. Ordinarily an agent to sell land is not entitled to a commission when his efforts do not result in a sale, and the expense, time, and labor expended is his loss; but the slightest effort resulting in a sale entitles the agent to his commission.
2. Where a broker's contract is not exclusive and his commission is contingent upon success, he is vested with a large discretion with respect to the efforts to be made and the means to be employed in procuring a purchaser.
3. To enable the agent under an exclusive contract to recover a commission when the property is sold by the owner, he must show that he made a *bona fide* effort to procure a purchaser.
4. An agent under an exclusive contract to sell land cannot claim a commission where the sale is effected through the efforts of the owner and the agent has done substantially nothing during the period of his agency to consummate a sale.
5. Under an exclusive agency to sell a piece of land within a limited time, the effort of the agent, to be *bona fide* so as to earn a commission, must be substantially commensurate with the term of the agency, unless a sale is effected prior to the termination of the period of the contract.
6. Under such an agency, a *bona fide* effort to sell, made shortly after the execution of the contract, which loses its efficacy, is not sufficient upon which to found a claim of compensation, where the land is subsequently sold through the efforts of the owner.
7. The question whether the broker made a *bona fide* attempt to carry out the terms of his contract so as to be entitled to a commission, where the owner made the sale prior to the expiration of the term of the agency, is for the jury.

8. Under sec. 2857a, Stats., providing that a motion made by all parties for a directed verdict shall, "unless otherwise directed by the court" before the jury is discharged, be considered equivalent to a stipulation waiving a jury trial and submitting the entire case to the court for decision, it is optional with the court to either direct a verdict or to submit the issue to the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming a judgment of the civil court of Milwaukee county.

The plaintiff, being a licensed real-estate broker in the city of Milwaukee, on the 8th day of December, 1920, entered into a written contract with the defendant of the following tenor, to wit:

"Owner, *Arthur J. Rahn;* date, December 8, 1920; address, 3109 Lisbon Avenue.
*"Arnold L. Huchting,*
"473 Sixth Avenue,
"Milwaukee, Wisconsin.
"You are hereby given exclusive authority to sell the property described on this sheet for fifteen thousand five hundred dollars. In case of sale you are authorized to sign memorandum of sale as agent. I agree to pay a commission to you of five per cent. of the sale price of the property, if sold or exchanged before this agreement is terminated, regardless of who negotiates the sale. This agreement is in full force and effect until July 1st, 1921.
"ARTHUR J. RAHN. (Seal)
"Above sale agency is herewith accepted:
"By ARNOLD L. HUCHTING."

No copy of the contract had been delivered to the defendant, and he, laboring under the impression that the aforesaid exclusive agency contract had expired, made an exchange of his property, which exchange was effected upon the basis of a valuation of $15,000, and the plaintiff, thereafter hearing of such exchange, demanded commissions, claiming that he had performed his part of the con-

tract and that under the terms thereof the commissions became due him. Upon defendant's refusal to pay plaintiff's claim for commissions suit was brought in the civil court of Milwaukee county. The action was tried before a jury, the court submitting but one jury question in the special verdict as follows: "Did the plaintiff make a *bona fide* attempt to carry out the terms of his contract with the defendant?" Which question the jury answered in the negative.

Before submitting the case to the jury both the counsel for the plaintiff and the defendant made motions respectively for a directed verdict, but the court notwithstanding such motions submitted the foregoing question, and upon the answer of the jury directed judgment in favor of the defendant and against the plaintiff dismissing plaintiff's complaint with costs.

Upon an appeal to the circuit court, the cause having been heard upon the record, such court affirmed the judgment of the civil court.

It appears from the evidence of the plaintiff that shortly after the contract was executed he prepared a special "For Sale" sign which he left with the defendant, but which the defendant refused to have exhibited upon the premises, whereupon plaintiff removed such sign. It also appears from such evidence that plaintiff attempted to interest one Woodbury in the purchase of the property, but that the latter was financially unable to purchase; that he also submitted the proposition to two real-estate men, namely, one Knoblock and one Goff, without producing any results. He also testified that he submitted the matter to other real-estate men, the names of none of whom he could recall. This, in substance, represents the total efforts of the plaintiff in the matter of his agency.

Defendant, in substance, testified that with the exception of the attempt to advertise the property by means of the "For Sale" sign aforesaid, he knew and was informed of

no effort on the part of the plaintiff during the entire period to sell the property in question.

*John J. Krizek* of Milwaukee, for the appellant.

For the respondent there was a brief by *Rubin, Wurster & Rouiller,* attorneys, and *C. F. Rouiller,* of counsel, all of Milwaukee, and oral argument by *C. F. Rouiller.*

DOERFLER, J.    Plaintiff's first assignment of error is based upon the refusal of the court to grant his motion for a directed verdict.    The contract in question is not the usual real-estate agency contract.    Ordinarily an agent is not entitled to a commission where his efforts have proven unsuccessful.    His reward comes only with success.    He may be ever so active and even expend a large sum of money in an effort to procure a purchaser, but if he fails the loss is solely his and he loses the labor and effort which was staked upon success.    On the other hand, the slightest effort resulting in success entitles the agent to his commission.    *Sibbald v. Bethlehem Iron Co.* 83 N. Y. 378.    Under such a contract the agent is vested with a large discretionary power with respect to the efforts to be made and the means to be employed in procuring a purchaser.

During recent years the use of the exclusive-agency contract has become quite frequent, and such contract has on a number of occasions been construed by the courts.    Under such a contract it has been held in *Graham v. Lamp,* 174 Wis. 373, 183 N. W. 150, that where the property is sold by the owner, the agent, in order to be entitled to a commission, must show that he made a *bona fide* effort to procure a purchaser.

In *W. G. Taylor Co. v. Bannerman,* 120 Wis. 189, 97 N. W. 918, which involved a contract between principal and agent signed by both parties, and by which one party, the owners of a stone quarry, appointed the other as their exclusive agent for a given territory for the sale of certain described stone at prices fixed therein and agreed to quote

no prices to others without the agent's consent, it was held that such a contract was not void for want of mutuality, but required the agent to act in good faith and use due diligence in bringing the principals' stone to the notice of possible purchasers for the purpose of sale to them.

In this connection is also to be noted the general rule requiring all agents to exercise reasonable care, skill, and diligence in the performance of their obligations as agents. Clearly, under the authorities referred to, an agent under an exclusive-agency contract cannot sit idly by, doing nothing or substantially nothing during the period of his agency, and claim a commission where the sale is effected through the efforts of the owner. The contract in the instant case covers a period in excess of six months. In executing this contract the owner extends a valuable right to the agent, under and pursuant to which he is afforded an opportunity to earn a substantial compensation in the form of commissions. The contract being limited as to time, the effort of the agent, to be *bona fide*, must be substantially commensurate with the term of the agency, unless a sale is effected prior to the termination of the period of the contract. A *bona fide* effort made shortly after the execution of the contract, which loses its efficacy, is not available to an agent where the property is subsequently sold through the efforts of the owner, and the crucial test to be applied in each case, where the issue as to the agent's right of commission under an exclusive-agency contract arises, is, Did the agent, during the period of the agency or prior to the actual sale, exercise such care, skill, and diligence required of him under the law of agency as would amount to a *bona fide* effort?

Subject to the general rules above stated, therefore, whether or not an agent exercised the proper degree of care, diligence, skill, and good faith in the execution of his agency, under an exclusive-agency contract, is ordinarily a question for the jury. 2 Corp. Jur. 959.

With the exception of the attempt on the part of the

plaintiff to advertise the premises by a "For Sale" sign, the defendant and his wife denied all knowledge of any effort made by the plaintiff to procure a purchaser. Plaintiff's case, therefore, rests solely upon his own evidence. No prospective purchaser was produced as a witness, nor did the plaintiff produce a single person whom he claimed he interested as agent in the sale of the property. In view of these facts and considering the limited efforts made by the plaintiff, the court properly resolved the issue into the question submitted to the jury in the special verdict; and the jury having found adversely to plaintiff's contention, such finding cannot now be disturbed.

Under plaintiff's second assignment of error he contends that the motions to direct a verdict made by the parties, under sec. 2857a of the Statutes, required the court to discharge the jury and to determine the entire case upon the facts as well as the law. Sec. 2857a provides:

"Whenever in an action tried before a jury all the parties to the action shall, without reservation, move the court to direct a verdict, such motions shall, unless otherwise directed by the court before the discharge of the jury, be considered as equivalent to a stipulation by the parties waiving a jury trial and submitting the entire case to the court for decision of the facts as well as the law."

The meaning of this section is plain and the wording is unambiguous. Under this statute, upon motions of the respective parties for a direction, which motions were without reservation, such motions would not constitute a stipulation waiving a jury trial where the court otherwise directs before the discharge of the jury. In the instant case the court did otherwise direct by submitting the case to the jury. It was clearly intended by the legislature that it becomes optional under such a stipulation to either direct a verdict or to submit the issue to the jury.

We therefore hold that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.