GENSKE, Respondent, vs. CHRISTENSEN, Appellant.

*March 8—April 6, 1926.*

Brokers: Exclusive agency: Bona fide effort of agent: What con- stitutes: Evidence: Sufficiency.

1. To recover a commission under an exclusive listing contract, where the sale is effected by another, a real-estate broker need not have produced a purchaser but need only show a *bona fide* effort to fulfil his contract.   p. 523.
2. Evidence that the broker placed a description of the property with each of his salesmen, advertised it in a daily paper for some time, attempted to effect a trade with the owner for another property, and at one time showed the property to the person who finally purchased it, conclusively shows a *bona fide* effort to procure a purchaser.   p. 523.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge.   *Affirmed.*

This is an action to recover a commission on the sale of real estate.   The plaintiff is a real-estate broker at Kenosha. On the 1st day of June, 1923, the defendant listed a house and lot with him for sale pursuant to the following con- tract:

"In consideration of your placing the property described on the reverse side of this card for sale in your office, I

hereby give you, for three months from date and thereafter until terminated by me giving thirty days' notice in writing, the exclusive agency to sell the property described on the opposite side of this card, and situated in Kenosha county, state of Wis.; to be sold for the sum of $6,500, or any other sum which I may hereinafter accept, and on the following terms, to wit: Cash to mtge. if possible. If a sale is effected by you, myself, or any one else, I agree to pay you three per cent. commission and furnish abstract and good merchantable title to said property. I hereby authorize you to bind me by contract to sell according to terms herein named."

The plaintiff listed the property in the usual way in his office, supplied each of his salesmen with detailed information concerning the property, which information was placed in a book carried by each salesman. He advertised the property in the Kenosha Evening News for seven days, the advertisement appearing in that paper from June 22d to June 29th, except on June 24th. Intervening the time between June 1st and September 6th one of the plaintiff's employees took the defendant out to see some property with a view of making an exchange. The defendant was agreeable to an exchange, but no deal was agreed upon.

On or about the 5th of September one O'Hare, who was looking for a house, called upon another real-estate firm by the name of Johnson & Rassmussen. They showed him this property of the defendant, which defendant had apparently also listed with Johnson & Rassmussen. Continuing his quest, on the following day O'Hare called upon the defendant, and one of the defendant's agents by the name of Yabs took him to see this same property. Subsequent to the listing of the property with plaintiff, the defendant had constructed a garage and made other improvements on the premises. He informed Yabs upon this occasion that owing to such improvements he wanted $7,100 for the property with a down payment of $3,000. Yabs informed him that it would be a difficult matter to get so large a down payment, and that O'Hare had only $1,600 in cash. The

defendant agreed to accept the $1,600 cash payment if O'Hare would pay $7,400 instead of $7,100 for the property. This O'Hare declined to do. The next day O'Hare and defendant got together with the agents Johnson & Rassmussen and closed the deal by which O'Hare bought the house for $7,100, agreeing to assume a paving assessment amounting to $290, and making a cash payment of $1,500.

The case was tried before a jury, and a special verdict consisting of but one question was submitted: "Did the plaintiff make a *bona fide* attempt to carry out the terms of his contract with defendant?" This question the jury answered "No." Upon motion, after verdict, the court rendered judgment in favor of the plaintiff notwithstanding the verdict for the sum of $213 with interest. Judgment was accordingly entered, from which judgment the defendant brings this appeal.

The cause was submitted for the appellant on the brief of *Geo. W. Taylor* of Kenosha, and for the respondent on that of *Robert V. Baker* of Kenosha.

OWEN, J. The appellant relies upon the authority of *Huchting v. Rahn*, 179 Wis. 50, 190 N. W. 847. In that case the owner of property gave a real-estate agent the exclusive authority to sell the same. It appeared in that case that shortly after the execution of the contract the real-estate agent caused to be prepared a "For sale" sign to be exhibited upon the premises, but which the defendant refused to have exhibited, and the sign was removed. It further appeared that the agent attempted to interest a person in the purchase of the property who was financially unable to purchase; that he submitted the proposition to two real-estate men whom he was able to name, and two other real-estate men the names of none of whom he could recall. A question identical with the one submitted in this case was submitted to the jury, which was answered "No," and a

judgment entered on that verdict was permitted to stand. That case laid down the rule that in order to enable a real-estate agent to recover commissions on such a contract, where the sale is made by others, it is necessary for him to show a *bona fide* effort on his part to fulfil the terms of the contract. It also held that whether such an effort was put forth by the agent is a jury question. Like all other issues, however, in order to make it a jury question there must be evidence which will justify a conclusion either way.

In this case we are satisfied that the evidence discloses a *bona fide* effort on the part of the plaintiff to procure a purchaser for the premises. It appears that plaintiff is an established real-estate broker, has something of an organization, and employs a number of salesmen—just the extent of his organization and the number of salesmen employed not appearing. He placed a description of this property with every one of his salesmen and advertised it in the Kenosha Daily News, running the ad for some days. Upon one occasion one of his employees took the defendant to see the property with the view of making an exchange. One O'Hare called at the defendant's office looking for a house. He was taken to view defendant's property. This demonstrates conclusively that plaintiff at all times had the property in mind and was making a *bona fide* effort to sell the same. The verdict of the jury to the contrary finds no support in the evidence. It is not necessary, in order to entitle the real-estate agent to recover under such a contract, that he procure a purchaser. It is only necessary that he put forth a *bona fide* effort to fulfil his contract. The contract under consideration was to continue until terminated by the giving of thirty days' notice. Such notice was not given and the contract was in force at the time of sale. The fact that defendant supposed, as he testified, that the contract was at end is not material.

*By the Court.*—Judgment affirmed.