RODAKS, Respondent, vs. HERR, Appellant.

*November 8—December 5, 1933.*

*Wallace Reiss* of Milwaukee, for the appellant.

*Joseph A. Padway*, attorney, and *Nora B. Padway* of counsel, both of Milwaukee, for the respondent.

WICKHEM, J.    The extremely limited character of reviews by this court in cases where trial courts have ordered new trials in the interests of justice has been too fully and too recently discussed to warrant any extended consideration here.    *Larson v. Hanson*, 207 Wis. 485, 242 N. W. 184; *Mellor v. Heggaton*, 205 Wis. 42, 236 N. W. 558; *Sichling v. Nash Motors Co.* 207 Wis. 16, 238 N. W. 843.    This is recognized by the defendant, whose contention upon this appeal is limited to the claim that there is no evidence to support plaintiff's case, and that consequently there should have been a directed verdict in accordance with the motion of the defendant.

The accident happened on Kilbourn Road, which is a continuation to the south of Milwaukee of South Twenty-seventh street.    The road was eighty feet wide to a point about eighty feet south of Euclid avenue, where there was a sharp cut of twenty feet on the west side of the concrete, reducing the width to sixty feet.    The sixty-foot width con-

tinued to the south for approximately 400 feet, at which point there was a gradual narrowing on the west side of thirteen and one-half feet on a diagonal extending sixty-three and one-half feet, and on the east side an abrupt narrowing of twenty-three feet, so that to the south the concrete was reduced to twenty-three and one-half feet in width. The accident happened on this narrow portion of the road, while the plaintiff was walking in a northerly direction and defendant was driving his automobile in a southerly direction.

It is the claim of the plaintiff that the defendant, proceeding south, drove his car off the concrete and onto the shoulder of the road shortly before reaching the narrow portion of the highway, and that he struck the plaintiff, who was then properly on the shoulder of the road. The principal attack upon the plaintiff's testimony is that he told conflicting stories. Upon the adverse examination he stated that he was walking on the east side of the road upon the concrete, and that the defendant's car swung clear across the road and knocked him down. His story upon the trial was that he was about two feet west of the west edge of the concrete on the dirt shoulder, and saw the lights of the defendant's car shining upon him; that when they were close he jumped, but which way he doesn't know; that he was on the soft part of the road when he jumped; that he saw defendant's car when it was still on the west part of the road and headed directly toward him; that when defendant's car was fifty feet away it was not on the dirt part of the road, but got onto the shoulder when it was about ten feet away from plaintiff.

Defendant's version, on the other hand, was that he was on the concrete at all times; that he did not see plaintiff until the latter was four or five feet in front of the car and on the concrete. His wife and defendant both testified that Rodaks was walking in a northeasterly direction upon the

concrete at the time he was hit. It is perfectly plain that there is a conflict in the evidence and that there was a jury question unless the fact of Rodaks' widely conflicting stories makes his evidence upon the trial entirely incredible. Plaintiff suffered severe injuries about the head and there was evidence that these affected his ability to recall the events of the collision. Certainly the jury could conclude that plaintiff did not deliberately falsify, although it may be conceded that his testimony was very much weakened by his inability to give consistent accounts of the events of the accident. However, other witnesses testified that Rodaks was walking on the west shoulder an instant before the crash, and one witness testified that the defendant was driving upon the shoulder immediately before the accident.

Hence there is evidence from which the jury could believe that plaintiff was walking upon the west shoulder; that defendant drove onto this shoulder in the process of going from the wide to the narrow portion of the roadway, and that defendant did not see plaintiff until he was within four or five feet of him. Certainly this presents a jury question as to defendant's negligence. Upon defendant's own testimony, the jury were entitled to believe that defendant, even though proceeding upon the concrete, did not maintain a sufficient lookout. The only evidence of plaintiff's negligence is that based on his original story that he was walking on the wrong side of the road, and that contained in defendant's version, which may support an inference that plaintiff was negligently proceeding on the concrete in an attempt to cross in front of defendant's car. So far as plaintiff's first story was concerned, he corrected that and was corroborated in it by the testimony of all the witnesses, including defendant and his wife, at least to the extent that all of the testimony placed him upon the west side of the road. So far as defendant's testimony as to plaintiff's presence on the concrete is concerned, the jury were not bound

to accept that for the reason indicated in the trial court's decision, namely, the extremely limited opportunity for defendant, proceeding at twenty-five miles an hour, accurately to describe the movements of a pedestrian who was only four or five feet from the car when defendant first observed him. The burden of proof was upon defendant to establish contributory negligence, and there are no facts showing such negligence which the jury was bound to accept as verities. Hence defendant was not entitled to a directed verdict.

There remain to be considered two contentions by the plaintiff. The first is that upon the facts presented by the record there is no room for a finding of contributory negligence; that the stories of plaintiff and defendant are mutually exclusive; that either the defendant negligently drove his car upon the shoulder and struck plaintiff, who was walking where he had a right to be, in which case the defendant's negligence was the sole cause of the injury, or the defendant was driving on the concrete and the plaintiff negligently invaded the concrete and was the sole cause of his own injury. There are two answers to this contention. The first is that it is not sound in fact. Plaintiff's conclusion is that the jury's verdict convicting defendant of negligence necessarily placed defendant's car upon the shoulder at the time of the collision, and thus established his sole guilt in the transaction. There was room, however, for the jury to come to the conclusion that while defendant did not leave the concrete, he was negligent with respect to lookout and management because of his failure seasonably to see plaintiff, and so maneuver his car as to avoid the collision. If such was the conclusion of the jury, it might also have found plaintiff to have been negligent with respect to his presence on the concrete. Even if plaintiff's contention were sound in fact, there would be a further insuperable difficulty. In that case a finding of negligence on the part of the defendant and contributory negligence on the part of the plaintiff would

be inconsistent, and in cases where a jury, with equal particularity, finds two inconsistent facts to be true, that furnishes, on the face of the record, not only a justification but a necessity for setting aside the verdict and granting a new trial. *Parke, Austin & Lipscomb, Inc. v. Sexauer,* 204 Wis. 415, 235 N. W. 785.

Plaintiff's next contention is that since, at the close of the evidence, each party moved without reservations for a directed verdict, and since the verdict of the jury has been set aside, this court should send the case back to the trial court for the latter to determine the issues of law and fact. Sec. 270.26, Stats., provides:

"Whenever in an action tried before a jury all the parties to the action shall, without reservation, move the court to direct a verdict, such motions shall, unless otherwise directed by the court before the discharge of the jury, be considered as equivalent to a stipulation by the parties waiving a jury trial and submitting the entire case to the court for decision of the facts as well as the law."

Under this statute, as construed by the case of *Huchting v. Rahn,* 179 Wis. 50, 190 N. W. 847, the trial court may elect not to treat the motions for a directed verdict as amounting to a stipulation waiving a jury trial. If the trial court so elects, the motions have not the effect of such a stipulation, and the case stands in all respects as though the motions had not been made, so far as the operation of sec. 270.26 is concerned. To hold otherwise would, in effect, make the finding of the jury advisory, and we are satisfied that this was not the intent of the statute.

*By the Court.*—Order affirmed.