PETERSON, by Guardian *ad litem,* and another, Plaintiffs, v. WINGERTSMAN and another, Defendants and Appellants: SELECTIVE INSURANCE COMPANY, Defendant and Respondent: STEINKE, Interpleaded Defendant and Respondent.

*October 2—October 31, 1961.*

456

For the appellants there were briefs by *Herrick & Sigl* of Eau Claire, and oral argument by *Kenneth L. Sigl.*

For the respondents there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *James C. Herrick,* all of Madison.

HALLOWS, J.  The only issue raised by the appellants is whether the court erred in granting Steinke's motion for a directed verdict.  The respondents contend there was a

waiver of the jury, the issue cannot be raised as a matter of right because the claimed error was not made the basis of a motion for a new trial, and in any event the trial court correctly granted the directed verdict.

As to the motion to direct the verdict on behalf of Steinke, there was no waiver of a jury trial. In order to constitute a stipulation waiving a jury trial, sec. 270.26, Stats.,[1] requires all parties to move without reservation for a directed verdict and the additional condition, "unless otherwise directed by the court before discharge of the jury." The making of unreserved motions to direct the verdict does not constitute a stipulation waiving the jury unless the court accepts the stipulation as such. The court may, in its discretion, reject the effect of the stipulation and submit the issue to the jury. If the court elects not to treat the motions as amounting to a stipulation waiving the jury and submitting the case to the court for decision, the motions do not have such effect. *Huchting v. Rahn* (1922), 179 Wis. 50, 190 N. W. 847; *Rodaks v. Herr* (1933), 213 Wis. 310, 251 N. W. 453.

At the time the motion for directed verdict was made by Steinke and his insurer and decided by the trial court, it was the only motion before the court. The first motion of the appellants for a directed verdict had been denied and the plaintiff had not as yet made his motion. In deciding the Steinke motion, the court did not act as a trier of the fact. It granted the motion as a matter of law on the basis there was no credible evidence on which the jury could find

---

[1] "270.26 MOTION FOR DIRECTED VERDICT WAIVES JURY TRIAL. Whenever in a jury trial all the parties, without reservation, move the court to direct a verdict, such motions, unless otherwise directed by the court before discharge of the jury, constitute a stipulation waiving a jury trial and submitting the entire case to the court for decision."

Steinke causally negligent, and if the question was submitted, the jury would have to speculate to find such negligence. After the granting of this motion and on the following day, the plaintiff and the appellants, who were the remaining parties in the action, both moved for a directed verdict without reservation. The court accepted these two motions as a waiver of the jury trial. The waiver of a jury at that time would not affect the prior Steinke motion to direct a verdict which had been decided.

In order for motions for a directed verdict made without reservation to constitute a stipulation waiving a jury trial if accepted by the court, the motions of all parties to the action must be pending for decision at the same time. We cannot construe sec. 270.26, Stats., as contended by counsel, to mean that such motions can be made and disposed of seriatim and if it happens that all parties eventually have made motions for a directed verdict without reservation, a jury trial is waived upon the making of the last motion. For a criticism of sec. 270.26 as being a trap, see 31 Marquette Law Review, 172.

Prior to the adoption of sec. 270.26, Stats., it was not the rule in Wisconsin that even pending motions to direct a verdict constituted a waiver of the jury trial. *Thompson v. Brennan* (1899), 104 Wis. 564, 80 N. W. 947; *National Cash Register Co. v. Bonneville* (1903), 119 Wis. 222, 96 N. W. 558; *Hite v. Keene* (1912), 149 Wis. 207, 134 N. W. 383, 135 N. W. 354. The acceptance by the trial court of the plaintiff's and the appellants' motions affected only the plaintiff and the appellants as the case then stood and cannot be given retroactive effect for the purpose of determining the correctness of granting the Steinke motion to direct a verdict or to bar the appellants from raising the question because of their subsequent waiver of the jury on a different issue.

The second question raised by the respondents is whether the appellants can raise the error complained of on appeal as a matter of right since they did not preserve the error by a motion for a new trial. For many years prior to *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380, a motion for a new trial was necessary to preserve for review errors committed by the jury but such motion was not necessary to preserve errors committed by the court. The cases establishing that principle were reviewed in the *Wells Case* and the frequent departures from the rule noted. To set at rest the status of the law, the rule was formulated in the *Wells Case,* at page 518, as follows:

". . . no error of the court should be reviewable as a matter of right on appeal without first moving in the trial court for a new trial bottomed on such error, if the error is of a category that a trial court could correct [it] by granting a new trial."

The *Wells Case* involved a jury trial and a duplicitous verdict. All the cases relying on *Wells* have been jury trials, none of which has, however, involved an assigned error in directing a verdict. See *Frion v. Craig* (1957), 274 Wis. 550, 80 N. W. (2d) 808 (court questioning witness); *Bronk v. Mijal* (1957), 275 Wis. 194, 81 N. W. (2d) 481 (question in verdict); *Winston v. Weiner* (1958), 2 Wis. (2d) 584, 87 N. W. (2d) 292 (failure to submit issue on verdict); *Weggeman v. Seven-Up Bottling Co.* (1958), 5 Wis. (2d) 503, 93 N. W. (2d) 467, 94 N. W. (2d) 645 (instructions); *Kincannon v. National Indemnity Co.* (1958), 5 Wis. (2d) 231, 92 N. W. (2d) 884 (instructions); *Michalski v. Wagner* (1960), 9 Wis. (2d) 22, 100 N. W. (2d) 354 (exclusion of evidence); *Neas v. Siemens* (1960), 10 Wis. (2d) 47, 102 N. W. (2d) 259 (form of verdict); *Rud v. McNamara* (1960), 10 Wis. (2d) 41, 102 N. W. (2d) 248 (form of verdict); *Mullen v. Reischl*

(1960), 10 Wis. (2d) 297, 103 N. W. (2d) 49 (granting nonsuit) ; *Severson v. Hauck* (1960), 11 Wis. (2d) 192, 105 N. W. (2d) 369, 106 N. W. (2d) 404 (questions of verdict and instructions) ; *Musha v. United States Fidelity & Guaranty Co.* (1960), 10 Wis. (2d) 176, 102 N. W. (2d) 243 (allowing amendment to pleading).

The question now presented is: Does the rule of the *Wells Case* apply to an assigned error committed by the court in directing a verdict in a jury trial? *Plankinton v. Gorman* (1896), 93 Wis. 560, 67 N. W. 1128, held a motion for a new trial was not necessary to preserve for review error committed by the court in directing a verdict. That case was cited and discussed in the *Wells Case* and impliedly overruled by the statement of the new rule if the error is one which the trial court could correct by granting a new trial. In *Mullen v. Reischl, supra,* the new rule was applied to an assigned error in granting a motion for a nonsuit of one of two causes of action. If the rule is to be applied to an error in granting a nonsuit, no logical reason or distinction exists for not applying the same rule to an error in granting a directed verdict.

The appellants contend the trial court has no power to grant a new trial excepting under sec. 270.49 (1), Stats., which is limited to setting aside a verdict on specified grounds, and is not applicable here. We do not consider sec. 270.49 (1) so restrictive. The power to grant a new trial was a necessary incident of a jury trial at common law. *Malinowski v. Moss* (1928), 196 Wis. 292, 220 N. W. 197. The assigned error was committed during the trial of a jury action and the directed verdict would be within contemplation of the language in the section.

We reserve for future decision whether the doctrine of the *Wells Case* should be extended to errors committed by a court in a trial to the court as contended by the respond-

ents and decide only that *Wells* controls the issue as presented here and the appellants cannot, as a matter of right, raise the question of error in directing the verdict. We have reviewed the record and testimony and decline to exercise our discretionary power as we find no miscarriage of justice.

*By the Court.*—Judgment affirmed.