PETROSKI, Appellant, v. EATON YALE & TOWNE, INC., DYNAMATIC DIVISION, Respondent.

*No. 313. Argued June 2, 1970.—Decided June 26, 1970.*
(Also reported in 178 N. W. 2d 53.)

For the appellant there was a brief by *Phillips, Richards & Mayew* of Kenosha, and oral argument by *Charles J. Richards.*

For the respondent there was a brief by *Heide, Sheldon, Hartley, Thom & Wilk,* and *William A. Sheldon,* all of Kenosha, and oral argument by *William A. Sheldon.*

HEFFERNAN, J.  In the recent case of *Wittka v. Hartnell* (1970), 46 Wis. 2d 374, 175 N. W. 2d 248, a safeplace statute case, we held that, where a judgment was entered on a motion for directed verdict dismissing a complaint, appellate review of the alleged errors of the trial court would not be entertained as a matter of right where no post-trial motions with respect to the issues raised had been made prior to the appeal. We relied therein upon *Jonas v. Northeastern Mut. Fire Ins. Co.* (1969), 44 Wis. 2d 347, 171 N. W. 2d 185, which explicated the rule of *Wells v. Dairyland Mut. Ins. Co.*

(1957), 274 Wis. 505, 80 N. W. 2d 380. We pointed out therein that, in the absence of the required post-trial motions, we would entertain an appeal and decide the questions raised in this court only where a review of the record convinces us that there has been a miscarriage of justice or where the evidence adduced at trial and the applicable law clearly dictate that the appellant should have prevailed in the court below. We have carefully examined the record and, applying those standards, conclude that the case does not warrant our review and, accordingly, must be affirmed. In reaching that conclusion, we in fact decide the case upon the merits.

The plaintiff argues that Eaton Yale & Towne, Inc., exercised sufficient control over the public walk to bring it within the rule of *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. 2d 601, 111 N. W. 2d 495. This case is clearly distinguishable from *Schwenn*. It is implicit in the briefs and explicit in the oral argument that the sidewalk was a public one and that, although the defendant performed the same duties that any abutting householder would perform in connection with snow removal, it asserted no dominion over the sidewalk nor did it attempt to control its use. This court in *Schwenn* distinguished the fact situation there from those of preceding cases in which the court held that a public sidewalk was not a place of employment. The case before the court is unlike *Schwenn* and like the cases that *Schwenn* distinguished, in that the sidewalk herein was used by the general public. We said in *Schwenn* at pages 606, 607:

"Cases cited by defendants to the effect that city streets and sidewalks are not places of employment are distinguishable on the ground that the premises in each case did not meet the statutory requisites of a place of employment in that they were used by the general public, precluding any control on the part of the employer."

In view of the undisputed evidence that this was a public sidewalk, which any pedestrian was free to use

without let or leave of Eaton Yale & Towne, it is clear that the interests of justice do not require a further review of the evidence. The sidewalk was clearly not a place of employment. *See also: Miller v. Welworth Theatres* (1956), 272 Wis. 355, 75 N. W. 2d 286, which discussed the responsibility of an abutting property owner in regard to an abutting sidewalk, vis-a-vis, the duty of the municipality. That case recognized that, in a situation such as confronts the court herein, "there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel."

*By the Court.*—Judgment affirmed.