STEVENS CONSTRUCTION CORPORATION, Respondent, v. FISHER, Appellant.

*No. 75–55.   Submitted on briefs January 6, 1977.—*
*Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 22.)

180

For the appellant the cause was submitted on the briefs of *Dykman Law Offices* of Madison.

For the respondent the cause was submitted on the brief of *John J. Ottusch* and *Cook & Franke, S. C.* of Milwaukee.

HEFFERNAN, J.   This appeal arises out of a construction contract.   The plaintiff, Stevens Construction Corporation, entered into a contract to build an apartment complex for the defendant, real estate developer Jerome Fisher.   Stevens agreed to perform the contracting services for the consideration of $2,100,000.   Fisher paid all but $6,784.94 of the contract price.   Stevens brought suit for the unpaid balance.   Fisher answered the complaint of Stevens, admitting the performance of the contract by Stevens, but alleging, by way of counterclaim, an affirmative defense that the sum sued for by Stevens was withheld because the Havey Electric Company provided temporary electrical services for the project for the benefit, and at the request, of Stevens and that the value of such electrical services was $6,784.94.   Fisher further alleged that he agreed to pay, and did pay, Havey for the electrical services and in return received the assignment of Havey's claim against Stevens.   In effect,

then, Fisher alleged in his counterclaim that Havey, having contracted with Stevens for the electrical work, assigned to Fisher his right of payment from Stevens. The plaintiff, Stevens, replied to the counterclaim and denied that any electrical services were furnished for its benefit or at its request.

After both sides rested, the trial judge granted the plaintiff's motion for judgment because the principal contract was admitted by the answer, and he directed a verdict against the defendant on the counterclaim because of a total failure of proof.

The defendant Fisher, appellant in the matter before us, argues that the evidence showed that Stevens entered into a contract with Havey, that Havey's rights under the contract were assigned to Fisher, and that, therefore, the evidence was sufficient to have permitted the defendant's assertion of a counterclaim to go to the jury.

The plaintiff correctly points out, and the defendant does not dispute, that the defendant failed to make the required post-trial motions.

The plaintiff appropriately relies upon the position taken by this court in *Petroski v. Eaton Yale & Towne, Inc.,* 47 Wis.2d 617, 178 N.W.2d 53 (1970). In that case, the trial court granted a directed verdict and entered a judgment dismissing the complaint. The required post-trial motions were not made. In *Petroski,* relying principally upon *Wittka v. Hartnell,* 46 Wis.2d 374, 175 N.W.2d 248 (1970), we stated:

". . . where a judgment was entered on a motion for directed verdict dismissing a complaint, appellate review of the alleged errors of the trial court would not be entertained as a matter of right where no post-trial motions with respect to the issues raised had been made prior to the appeal." (at 619)

On the rationale of *Petroski* and *Wittka* and that set forth in the opinions cited in those cases, we adhere to that position. In *Petroski* we stated:

"... in the absence of the required post-trial motions, we would entertain an appeal and decide the questions raised in this court only where a review of the record convinces us that there has been a miscarriage of justice or where the evidence adduced at trial and the applicable law clearly dictate that the appellant should have prevailed in the court below. We have carefully examined the record and, applying those standards, conclude that the case does not warrant our review and, accordingly, must be affirmed. In reaching that conclusion, we in fact decide the case upon the merits." (at 620)

Fisher interprets this statement from *Petroski* to mean that, irrespective of the rule requiring post-trial motions, we have committed ourselves to a review upon the merits of each claim of error. This is a misinterpretation of *Petroski*. The last sentence in the paragraph quoted above from *Petroski* merely states the obvious— that an affirmance of a directed verdict is an adjudication on the merits of the case.

Nevertheless, pursuant to sec. 251.09, Stats., this court:

"... may in its discretion reverse the judgment ... appealed from, regardless of the question whether proper motions ... appear in the record ...."

As we said in *Petroski*, we will invoke the provisions of sec. 251.09, Stats., when there has been an apparent "miscarriage of justice." In the routine and correctly decided case, we will, however, decline to set forth at length in an opinion our conclusion in respect to each claim of error where the evidence and the record demonstrate that justice has not miscarried.

In examining the record now before us, we are satisfied that the evidence was insufficient to show that Stevens contracted with Havey for the furnishing of electrical services. No bill for those services was ever sent to Stevens, and no assignment of Havey's alleged

right or claim of action against Stevens was ever assigned to Fisher.

Sec. 270.25 (2), Stats. (1973), provides:

"When the court directs a verdict, it shall not be necessary for the jury to give their assent to the verdict but the clerk shall enter it as directed by the court as the verdict of the jury."

The interpretative commentary to this section of the statutes, 32 Wis. Stats. Annot. at 313, provides, "If a verdict is directed, the question on appeal is whether the court was clearly wrong." *See* also, *Slam v. Lake Superior Terminal & Transfer RR. Co.*, 152 Wis. 426, 432, 140 N.W. 30 (1913).

Applying that test, the evidence in support of the counterclaim was insufficient to warrant submission to the jury. The trial judge's conclusion was not "clearly wrong," and no miscarriage of justice occurred.

Stevens, the respondent on this appeal, also vehemently argues that the appeal is frivolous and that, accordingly, Stevens is entitled to damages for the delay and double costs, as provided by sec. 251.23 (3), Stats.[1] While we agree that the grounds for the appeal are, at best, tenuous, we cannot conclude, on the basis of the record and the assertions before us, that the appeal was taken only to forestall an inevitable collection or that counsel for the appellant, fully recognizing the meritlessness of the appeal, nevertheless proceeded with the appeal only for the purpose of delay.

*By the Court.*—Judgment affirmed, with costs.

---

[1] "Damages; Costs Doubled. The court may adjudge to the defendant in error or respondent on appeal in any civil action, on affirmance, damages for his delay in addition to interest, not exceeding ten per cent on the amount of the judgment affirmed, and may also in its discretion award to him double costs."